Jo SWINDEL, *alias* THOMPSON, v. THE STATE.

1—The theft of a *horse* is a different offense under the Penal Code from the theft of a *gelding;* wherefore a previous prosecution and trial for the one can not be pleaded in bar to an indictment for the other.
2—When a *nolle prosequi* has been entered before verdict, the proceedings are no bar to a second prosecution for the same offense.

APPEAL from Harrison.   Tried below before the Hon. J. B. Williamson, on writ of *habeas corpus.*

The facts sufficiently appear in the opinion of the court.

*Penn & Burke,* for the appellant.

No brief for the State.

LATIMER, J.—The appellant was indicted by the grand jury of Harrison county on the 5th of June, 1868. · The charge was specific, that on the 5th of February, 1868, the appellant, "one certain horse," of the value of one hundred dollars, did take and carry away, etc.

On the 9th day of January, 1869, this cause came on to be heard.   A jury was impanneled.   Then follows the following entry:   "And the District Attorney, after the evidence being closed, the argument of counsel concluded, says he will not further prosecute herein.

"It is therefore considered by the court, that the defendant, Jo Swindel, *alias* Jo Thompson, go hence discharged, and that the State of Texas take nothing by said prosecution.   And it appearing to the court from the evidence adduced that the

defendant is guilty of stealing a gelding instead of a horse, and, on application of the district attorney, it is ordered that said defendant be recognized."

It appears from the transcript of the record that the defendant, in default of bail, was committed to jail, and that on the 13th of January defendant applied, in the usual form of law, to Judge Williamson for a writ of *habeas corpus*, which was granted. Upon the hearing of the *habeas corpus, ex parte* Swindel, *alias* Thompson, it was admitted that the " gelding " named in the transcript is the identical animal denominated in the indictment " a certain horse." The court below, after hearing the testimony, remanded the accused to the custody of the sheriff.

Is there error in the rulings of the court?

It is urged by counsel for appellant that the judgment of the court below is such an one as may be plead in bar of further prosecution.

In the view we take of the case under consideration, it is not necessary to refer to other authority than the provision of the Code by virtue of which the indictment was preferred, and the opinion of this court judicially construing it. It is declared, " If any person shall steal any horse, gelding, mare, colt, ass, or mule, he shall be punished," etc. (Paschal's Dig., Art. 2409.)

This article was reviewed at the late Galveston term of this court in the case of Jordt v. The State, (31 Tex., 571,) when Mr. Justice Lindsay, delivering the opinion of the court, said : " The appellant in this case was indicted for stealing a *horse.* The proof showed that the property was a gelding. A conviction for the theft of a horse upon the proof of taking feloniously a *gelding* would be as incongruous as that of stealing a mule or an ass upon a similar indictment."

If appellant had been acquitted by the verdict of a jury of the theft of a horse, it would be no bar to a prosecution for the theft of a gelding. The theft of any one of the animals constitute a separate offense. It was contended, virtually, by the attorney for the applicant that the stealing of a *horse* was

the same offense as the stealing a *gelding.* It is not so nominated in the statute. But upon this predicate it was insisted that the prisoner could not be twice put in jeopardy for the same offense. It not being the same offense, this provision of the Bill of Rights does not apply.

The position is equally untenable, that the discharge of the jury by a *nolle prosequi* after being sworn, and the hearing of testimony, but before a finding by them of "guilty or not guilty," could operate as a bar to another prosecution, even if it were the same offense. It has been so decided by the Supreme Court of the United States in the case of the United States v. Perez, 9 Wheaton, p. 579.

We see no error in the ruling in the court below, and the judgment is affirmed.

Affirmed.