## John N. Longley v. The State.

1. FORMER ACQUITTAL.—Such plea can avail nothing when based upon a dismissal of the former proceedings by the district attorney.
2. THREATS TO TAKE LIFE.—It is sufficient to charge that the accused did seriously threaten to take the life of another in an indictment under art. 6585, Paschal's Digest.
3. SAME—BURDEN OF PROOF—INTENT.—Whether the threat was seriously made is a question of fact, not of law, and should be submitted to the jury.
4. SAME—EVIDENCE.—It is admissible for the prosecution to give in evidence several threats by the accused on different occasions.

APPEAL from Dallas.   Tried below before the Hon. Silas Hare, judge of the criminal court of Dallas.

It was charged by indictment that Longley "did seriously threaten to take the life of T. G. T. Kendall."

The accused pleaded former proceedings against him, consisting of an indictment for such threat to take the life of one L. G. T. Kendall, the impaneling of a jury in the case, the submission by the court to the jury whether the initial letter of Kendall's name in the indictment was L., the affirmative response by the jury, and the entry by the district attorney of a *nolle prosequi* in the case.

The district attorney excepted to the plea because from it it did not appear that the accused had been put upon trial for threatening to take the life of T. G. T. Kendall. The demurrer seems to have been sustained.

On the trial W. L. Holt, a witness for the State, testified that, in February, 1873, witness, as constable, applied to accused for a levy to make the money on an execution in favor of Kendall, when, after some conversation, Longley said "he did not know how he could get rid of the thing unless he killed Kendall, and, by G–d, he intended to kill the G–d d—d rascal." Witness told Longley he ought not to talk so ; he would make bad worse. Longley replied "he could not help it." Witness did not know

whether Longley meant what he said or not; he spoke it very firmly. Longley appeared somewhat intoxicated, but not drunk.

E. H. F. Michols testified that in the fall of 1872, at the west end of the bridge near Dallas, he and the accused were at a saloon; took a drink together, when Longley said "he intended to kill Kendall," and asked witness to help him; Longley was somewhat intoxicated, but not drunk; that Longley talked as though he was in earnest about killing Kendall; spoke like a man intending to do what he said. Witness went to Dallas to tell Kendall of the threats.

E. G. Bower testified that some time in the February term of the District Court he had a conversation with Longley; that Longley then stated that he intended to kill Kendall; spoke in a serious manner; was not drunk, but drinking. The venue was proved.

J. W. Payan, witness for defense, testified that he had heard Longley say he intended to kill Kendall; but from witness's knowledge of the man, (Longley,) having known him for a long time, witness having been his attorney, what Longley said produced no impression upon witness; it might have produced a different impression on a stranger.

The Court, giving the statute in charge, continued :

3d. It is a general rule of law that a man intends the natural and probable consequences of his own voluntary acts; and in like manner it is presumed that he intends to. do that which he voluntarily says he intends.to do. And if the defendant voluntarily threatened to take the life of Kendall, it will be presumed that he intended to do what he said; and if the serious threat be proved, it devolves upon the defendant to show, or it must appear in evidence, that such threat, though made, was really uttered when there was not a fixed or formed design to carry it into execution. That the threat was made, and that the de-

fendant intended to carry it into execution, are the lead-
ing points, and you are to look at all the facts proven, and
determine whether the threat was serious; and in determ-
ining the serious nature of the threat, you are to consider
the different times he made them and the circumstances
under which they were made, giving the defendant the
benefit of all doubt.

The jury found defendant guilty, and assessed his pun-
ishment at two years in the penitentiary.

Motions for new trial and arrest of judgment were over-
ruled, and defendant appealed.

*H. L. Ray*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—Appellant, who was charged
with threatening to take the life of T. G. T. Kendall, ap-
peals from a conviction assessing his punishment at two
years' confinement in the penitentiary.

Appellant complains of the action of the court in striking
out his plea of former acquittal and overruling his motions
for a new trial and in arrest of judgment.

The proceedings against John N. Longley as set out in
the plea of former acquittal can avail nothing as a defense
to the present indictment, there being no verdict of ac-
quittal and the case being dismissed by the district
attorney.

There was no error in refusing to arrest the judgment
on any of the grounds of defendant's motion.

In general it is sufficient to follow the statute in de-
scribing the offense, and no reason is shown why this
case should be an exception to the general rule.   The
offense is defined with sufficient certainty when the indict-
ment charges that the threat was made to take the life of
another or to inflict upon him any serious bodily injury,
and that the threat was seriously made.

The indictment complies substantially with the statute, and it was not necessary that it should contain the language in which the threat was expressed. If, as suggested, the threat was merely to protect the party or to prevent the commission of some unlawful act by another, it was matter of defense, and need not be averred in the indictment.

There was no error in admitting proof that threats were made on different occasions, leaving the jury to assess the punishment for only one offense and one violation of the statute.

The only ground of the motion which could in any view of the case injuriously affect the appellant relates to the third paragraph of the charge of the court to the jury.

Under this charge the jury may have believed that if the threat was proved the presumption would arise that it was seriously made, and that the burden of proof was on the defendant to remove the presumption, whereas the test of the guilt or innocence of the defendant was, whether the threat was seriously made, or was merely idle and with no intention of executing the same. The intent was a question of fact for the jury, and the onus was on the State to prove the facts and circumstances from which the presumption would arise that the intention was to take the life of the party so threatened. The intent with which the words may have been uttered was a question of fact and not one of law, and requires affirmative proof to warrant a conviction. This may be shown by the manner of the accused, the occasion and the cause for it, and the relations between the parties, or other attending circumstances. The charge in this respect not being satisfactory, and the case being a felony, the judgment is reversed and the case remanded.

REVERSED AND REMANDED.