## CALVIN LEWIS *v.* THE STATE.

1. FORMER CONVICTION.—Assault with intent to murder being an offense of a different nature than threats to kill, a former conviction for the one is no defense against an indictment for the other, notwithstanding both prosecutions were founded on incidents of the same difficulty.

2. SAME.—A former conviction which was set aside and a new trial granted is not pleadable in bar of a second prosecution.

3. CHARGE OF THE COURT—ALTERNATIVE PENALTY.— The Penal Code (Art. 1678, Pasc. Dig.) provided that for an offense punishable by the penitentiary, or by a fine as an alternative, the jury might substitute the county jail for the penitentiary, which provision was repealed in 1876. On trial of an offense committed while the provision was in force, and to which it was applicable, it was the duty of the court below to give the provision in charge to the jury, whether asked to do so or not; and the omission to do so, though not asked, was error.

Appeal from the District Court of Karnes.    Tried below before the Hon. H. Clay Pleasants.

The opinion of the court shows the material facts.

*L. S. Lawhon,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

White, J.    The appellant was indicted, under Article 784 of the Penal Code, for a threat to take the life of one Robert Custer.    He pleaded in bar a former conviction—the former conviction being in a case where he had been indicted, tried, and convicted for an assault with intent to murder Robert Custer.

The plea alleged that the two cases grew out of, and the two accusations were, one and the same offense.    The county attorney filed exceptions to the plea, and moved the court to strike it out, for the reasons that the two offenses named—viz., assault with intent to murder and a threat to take the life of a human being—were not one and the same offense ; and because the verdict of guilty in the case against defendant for assault with intent to murder was, upon motion of defendant, set aside and a new trial granted, and that afterwards the district attorney had dismissed the case. These exceptions of the county attorney to the plea of former conviction were sustained, and the plea stricken out by the court.    This action of the court, in sustaining the exceptions and striking out the plea, is complained of as the principal error committed by the lower court.

The action of the court was not erroneous.    The two offenses were not of the same character—were not, in fact, "the same offense."    In *Thomas* v. *The State,* Gray, J., delivering the opinion of our supreme court, thus lays down

the rule as to such pleas: "The principle and rules of decision applicable to the plea of former conviction are the same with those for former acquittal. They rest on the same basis. The general rule is that the crime charged should be the same—that is, that they be in truth the same, though the indictments may differ in immaterial circumstances (citing 1 Chitty on Cr. Law, 452). But it is not in all cases necessary that the two charges should be precisely the same in point of degree; for it is sufficient if an acquittal of the one will show that the defendant could not have been guilty of the other. \* \* \* Upon this subject of charges for offenses similar in their character, but different in degree, the general rule again is 'that conviction or acquittal for minor offenses is generally no bar to greater.' But there is the exception to this, that 'if, however, on a trial of the major offense there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major' (citing Wharton, sec. 563). And it is in connection with this that the same author says: 'When the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea is generally good;' and this is true although the first trial was for misdemeanor and the second for a felony (citing Wharton, secs. 565, 566). But we do not understand from this that the first charge and trial might have been for a misdemeanor of which the accused could not have been convicted on the indictment for the second, as for an offense of a different nature, and not one merely differing in degree. Now, upon this indictment for an assault with intent to murder, he might be convicted for simple assault, assault and battery, or aggravated assault, because they are each included in the charge and only differ in degree." *Thomas v. The State*, 40 Texas, 36. See, also, Pasc. Dig., Art. 2951; *Boggess* v. *The State*, 43 Texas, 347; *Richard Wilson* v. *The State*, decided 3d of March, 1876.

Under an indictment for assault with intent to murder, the defendant in this case could not have been found guilty of a threat to take the life of a human being; and we can readily imagine how he might be tried and convicted for an assault with intent to murder without the evidence even disclosing the fact that he had threatened the life of the assaulted party.

But, again, the plea was not a good one if, as stated in motion of county attorney, the conviction of defendant upon the indictment for assault with intent to murder had been set aside, a new trial awarded, and finally the case had been dismissed. Under such circumstances the defendant would stand, in relation to it, in the same position as though he had never been indicted. Pasc. Dig., Art. 2485. Such a plea can avail nothing when based upon a dismissal of the former proceedings against him. *Longley* v. *The State,* 43 Texas, 490; *Swindel* v. *The State,* 32 Texas, 102.

No instruction was asked in favor of appellant, in the lower court, upon the subject, nor is it complained of as a ground of error in this court that the court failed to charge the jury in conformity with the provisions of Article 1678, Paschal's Digest, which reads: "Whenever, by the provisions of this Code, the penalty for an offense is confinement in the penitentiary, or fine as an alternative, it shall be in the discretion of the jury to substitute imprisonment in the county jail instead of the penitentiary." The case being a felony, this instruction should have been given, whether asked or not. *Rolando Cesure* v. *The State,* decided by this court at its April term, 1876, at Austin, *ante* p. 19. This provision of our Code was still in force when this case was tried, but has since been repealed by the legislature of 1876, to take effect in ninety days after adjournment. On account of the failure of the court to charge the jury in regard to the alternative punishment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*