### L. A. Thrasher *v.* The State.

1. Threats — Evidence. — In a prosecution for seriously threatening to take the life of another, proof of threats on a different occasion than that charged in the indictment was admissible, to show the intent and *animus* of the accused in making the threat charged. *Aycock* v. *The State*, 2 Texas Ct. App. 381, to the same effect, cited with approval.

2. Charge of the Court. — In revising the general charge of the court below to the jury, this court considers it as an entirety, and construes each portion in connection with every other portion; and if, as a whole, the charge expounds the law applicable to every legitimate deduction the jury may draw from the evidence, it is the law of the case.

Appeal from the District Court of Smith.   Tried below before the Hon. M. H. Bonner.

The indictment charged the appellant with seriously threatening, on August 1, 1877, to take the life of J. M. Williamson.

The appellant was the son-in-law of Williamson, but, on account of some unexplained animosity, the latter had forbidden him to come on his premises. Williamson, testifying for the state, said that, some time in August, 1877, he got up from his supper-table and saw Thrasher standing near the dining-room door with a double-barrel shot-gun, and had heard him ask for witness. Shortly afterwards witness was informed that Thrasher was standing behind the chimney, waiting to attack him, and thereupon he got his gun and went around the house and burst a cap at

Thrasher, without discharging his gun. Thrasher jumped and ran behind the house, and witness went back inside. Witness had never himself heard Thrasher make threats to take his life. · Thrasher stayed about the place for some little time, cursing, and seemed very mad.

On cross-examination Williamson stated that he did not hear Thrasher make any threats that night, but did hear him " make a threat about two or three months before the difficulty. He said he would mash my head. This was in front of my house, at the wood-pile, and was on Sunday. I told him to leave my place, and in response he told me that he would mash my head if I pestered him." This testimony the accused moved to exclude because irrelevant, and because it related to a transaction wholly distinct from the one charged. His motion was overruled, and he excepted.

This was the only threat the witness Williamson ever heard Thrasher make against him ; but a daughter of witness told him, after he left the supper-table, the night of the difficulty, that Thrasher had threatened to kill him ; and this was the reason witness burst the cap at him. Witness admitted animosity against the accused.

A son of J. M. Williamson, for the state, testified that, after his father bursted the cap at Thrasher, the latter said he would kill J. M. Williamson before morning.

A daughter of J. M. Williamson, for the state, proved that, on the occasion just referred to, Thrasher was very angry, and said that if her father stuck his head out of the window he would kill him.

J. L. Brecknell, for the state, testified that, the next morning after the difficulty between Williamson and Thrasher, the latter told witness that he had been out the night before for the purpose of killing Williamson, but could not get him out of his house. Witness had since heard him make many threats against Williamson.

One witness was introduced by the accused, whose testi-

mony was to the effect that he saw Thrasher on his way to Williamson's, and that his gun was not loaded.

The second assignment of errors was to the following clause of the charge: "If the testimony should show that the said defendant made serious threats to take the life of the said J. M. Williamson, if he, the said Williamson, should put his head out of the window — as, under the law and the evidence, the said Williamson had the right to put his head out of the window — this would be such an unqualified threat as would be a violation of the law." The error imputed was that this was a charge on the weight of evidence, and tended to divert the jury from considering the whole of the evidence, and to direct them to a particular part of it.

The jury found Thrasher guilty, and assessed his punishment at eighteen months in the penitentiary.

*H. G. Robertson*, for the appellant, filed an able argument.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. It appears from a bill of exceptions set out in the transcript of the record that, on the trial below, the state's witness, J. M. Williamson, against whom the offense is alleged to have been committed, testified as follows: "I did hear L. A. Thrasher make a threat two or three months before the difficulty. He said he would mash my head. This was in front of my house, at the wood-pile, and was on Sunday. I told him to leave my place, and in response he told me that he would mash my head if I pestered him."

The defendant objected to this testimony, and moved to exclude it from the consideration of the jury because irrelevant, and because it related to a transaction wholly discon-

nected with, and distinct from, the one charged; which objection and motion were overruled, and exception taken at the time. The presiding judge, in signing the bill of exceptions, says : " The above testimony was admitted by the court because no particular offense was described in the indictment, and hence the court could not know what the testimony would prove ; and, besides, in the opinion of the court the testimony might become material as showing the state' of feeling between the parties."

The testimony objected to as above, it appears from the statement of facts, was drawn from the witness on cross-examination ; still, if improper, the court should have excluded it. In the case of *Longley* v. *The State*, 43 Texas, 490, which was quite similar to the present case, being an indictment under the same statute, Mr. Justice Reeves, in delivering the opinion of the court, says : " There was no error in admitting proof that threats were made on different occasions, leaving the jury to assess the punishment for only one offense and one violation of the statute." See 1 Greenl. on Ev., sec. 53.

We are of opinion the evidence was admissible as tending to show the intent of the accused and the state of his mind toward the person threatened ; but the other testimony was so clear as to the threat that it is not believed this evidence could have had any material effect on the verdict. *Aycock* v. *The State*, 2 Texas Ct. App. 381.

The following special charge was asked by the defendant, and was refused by the court: " In considering the evidence of the attempt, if there be any, you will only consider it with reference to threats made before, not after, the attempt. The attempt must be considered exclusively with reference to previous threats. And should · you find there were no previous threats, then you cannot consider the evidence of attempts, in considering the case against the defendant."

This charge, if given, would have tended to divert the minds of the jury from the true questions to be considered by the jury, to wit: (1) Did the accused threaten to take the life of the person threatened? If so, (2) Was such threat seriously made? 2 Pasc. Dig., arts. 6585 to 6587, inclusive; *Longley* v. *The State*, 43 Texas, 490; *Haynie* v. *The State*, 2 Texas Ct. App. 168. Taking this refused instruction in connection with the general charge of the court, we see no error in refusing it.

One portion of the general charge is set out in the assignment of errors, and complained of in the brief of the appellant. Before giving the instruction complained of, the court had instructed, and properly, as we think, to the effect that "a threat to kill another, unless the party threatened would do or leave undone something he had no right to require, is in its legal effect an unqualified threat, and such as comes within the provisions of the statute." This charge is followed by that set out in the second assignment of errors.

Considering this instruction with reference to its relative position in the general charge, we can look upon it in no other light than as an example, or an apt illustration, of the principle by which it is immediately preceded — that is, that a threat to take the life of the person threatened, unless he should do or leave undone something he had no right to require, is in law an unqualified threat.

That portion of the charge objected to and set out in the third assignment of errors is not liable to the objection taken. If we are to take up detached portions of a charge, in any case, and undertake to give it an interpretation by itself, we would rarely find a charge, in any case, free from liability to criticism; but this we are not authorized to do. The rule is that a charge must be treated as a whole, and every portion be construed with reference to every other portion, and if the charge, as a whole, places before the

minds of the jury the law applicable to every legitimate deduction they may draw from the evidence adduced, the charge is the law of the case. In the present case the charge of the court comes up to this requirement. The jury was instructed as to the law by which they would apply the evidence in any reasonable view they might take of the evidence, all having the main inquiry in mind, to wit, the question as to whether the accused was guilty or not guilty of the charge alleged against him, under the proof applied to the law as given in the charge.

Other objections are urged in argument. One is that the grand jury was not sworn, and another is that the verdict of the jury was not properly returned into court. These objections are not sustained by the record.

The indictment is sufficient. The charge of the court is a clear exposition of the law of the case as made by the evidence. There is a sufficient amount of legal evidence to support the verdict. There is nothing apparent in the record, as suggested in the brief of the appellant, to authorize this court in disturbing the judgment, and it is affirmed.

*Affirmed.*