## ELISHA BRISCO *v.* THE STATE.

1. THEFT OF ANIMALS. — A ridgling (*i. e.*, a half-castrated horse) is not a "gelding," but is a "horse," within the denomination of animals contained in article 765 of the Penal Code. Proof, therefore, that the stolen animal was a ridgling will not support an indictment for theft of a gelding.

2. SAME — CHARGE OF THE COURT. — Trying an indictment for theft of a gelding, the court below instructed the jury that proof which showed that the animal, though but partially castrated, was so castrated as to appear and be regarded as a gelding, would sustain the allegation that it was a gelding. *Held*, that the charge was erroneous, because it prescribed a wrong criterion of the character of the animal, and also because it was a charge upon the weight of evidence.

APPEAL from the District Court of Hays. Tried below before the Hon. L. W. MOORE.

The opinion states the case.

*E. R. Kone*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.    Appellant was indicted for theft of a gelding. The proof with regard to the sexual character and condition of the animal stolen is as follows : The alleged owner says : " He was a gelding.    *    *    *    What I mean by the word " gelding " is a horse with one stone.   The horse would run after mares ; that is the reason one of his eyes was knocked out.    *    *    *    He was a horse, and not a mare. *    *    *    Sometimes I could see it down, and sometimes it was in his belly."

The next witness says he got the horse from defendant. " I had him in my possession some ten or fifteen days before I traded him.    I am satisfied that the animal was a horse, and not a mare.   I took him to be a gelding."   The testimony which this witness gave on the examining trial, in 1871, he said was correct, and that testimony is made part of his evidence.   In it he says : " The horse had the sexual appearance of being a mare, and also the appearance of being a gelding."

The next witness says : " I took him to be a gelding."

The last witness who testified upon this subject says : " He was a gelding.   I never examined him particularly to see if he was or not.   I think he was a gelding."

Upon this point the court charged the jury as follows :

"A gelding is a horse that has been castrated, and is thus distinguished from the horse in his natural and unaltered condition.   The indictment alleges the theft of a gelding, and proof of theft of a horse would not sustain the indictment.   But proof that the animal was castrated so as to present the appearance of a gelding, so as to be taken, accepted, and believed to be a gelding, though in fact the cas-

tration was not complete, would be sufficient proof of the allegation in the indictment that the animal was a gelding."

This charge is assigned as error, both in the motion for a new trial and in the assignment of errors.

In our opinion the evidence showed the animal to be what is commonly known and called a " ridgling." A " ridgling," as defined by Mr. Webster, " is an animal half castrated ; a male of any beast half-gelt." The word is also one in common use, and its meaning is as well known as the meaning of the word " stallion," or any other intended to describe the sex or physical condition of an animal. The same learned lexicographer defines " gelding " to mean a " eunuch," or " castrated animal," and the word " gelt " means the same thing.

It has frequently been held by our Supreme Court that an indictment for stealing a " horse," which, under our statute (Pasc. Dig., art. 2409), means an unaltered horse or stallion, will not be sustained by proof of theft of a mare or gelding, and *vice versa.* *Jordt* v. *The State*, 31 Texas, 571 ; *Swindel* v. *The State*, 32 Texas, 102 ; *Pigg* v. *The State*, 43 Texas, 108 ; *Keesee* v. *The State*, 1 Texas Ct. App. 298 ; *Banks* v. *The State*, 28 Texas, 647 ; *Lunsford* v. *The State*, 1 Texas Ct. App. 448.

As was said in *Banks* v. *The State*, 28 Texas, 647, which is the leading case upon this subject, " the statute (art. 2409) itself, in creating and providing for the punishment of the offense, appears to fix its own meaning to the words used. It specifically describes the different species of property, by the use of the words ' horse, gelding, mare, colt, ass, or mule,' evidently discriminating between them as different species of property, and as much between a horse and mare as between horse and ass or mule. The averments of the indictment must be equally specific, and the proof must correspond with the averment. This construction of similar statutes has been adopted in England. Whart. Cr.

Law; Roscoe's Cr. Ev.; 2 East P. C. 616; Leach, 123; 1 Moo. C. C. 24; Archb. Cr. Pl. & Pr. 399, and notes; 2 Russ. on Cr. 133. And the same rule, under like statutes, has been adopted in the United States, so far as we have been enabled to examine the authorities. *Hooker* v. *The State,* Ohio, 349; *Turley* v. *The State,* 3 Humph. 324." The rule, ·however, it appears, is different in some of the states. Bishop's Stat. Cr., sec. 426. It is too well established in Texas, and the reasons for· it appear to be too cogent, to admit of controversy.

The law being thus settled, we must recur to the original question of fact to determine this case. The question is, Is a " ridgling," or a " stallion " which is but half castrated, a " horse " or a " gelding," under our statute? We have been unable to find a single reported case presenting a similar question.

In the case of *Cole* v. *The State,* which has never been reported, and which was an appeal, in 1874, from Harrison County, from a judgment of conviction upon an indictment for theft of *a horse,* the statement of facts showed that " the animal had one testicle cut out; had only one remaining testicle or seed, and was called by the witness, a ' ridgling.' " The judge below charged the jury in that case: " You cannot find the defendant guilty if the evidence shows the animal stolen (if any was stolen) was a mare or a gelding — that is, a castrated animal of the horse species." Upon appeal to the Galveston term, 1875, of our Supreme Court, from the judgment of conviction in that case, the Supreme Court affirmed the judgment without a written opinion, and we fully concur in the correctness of the judgment.

In the case we are considering, the charge of the court was erroneous, and was upon the weight of evidence. It makes the fact as to whether the animal stolen was a horse or a gelding depend upon the further fact that an attempt had been made to castrate him, and that his appearance was

Syllabus.

that of a castrated animal, when there was positive testimony, as we have seen, that he was not castrated, and that at times that fact was plainly perceptible. The charge of the court usurped and infringed upon the province of the jury, by depriving them of the right to determine for themselves, under the evidence, whether or not the animal was in fact a *gelding*, as averred in the indictment.

For this error in the charge of the court the judgment must be reversed and cause remanded.

*Reversed and remanded.*