[No. 3154.]

## Ex Parte R. W. Porter

1. HABEAS CORPUS—CASE STATED.—The applicant was committed in default of bail by a justice of the peace to await the action of the grand jury on a charge against him of theft of a horse. The grand jury, by mistake, returned an indictment against him for the theft of a saddle, which mistake was not discovered until after the discharge of the grand jury. The district attorney moved the court to hold the applicant over until the next meeting of the grand jury, which motion the court refused. Thereupon a second prosecution for the theft of a horse was instituted before a justice of the peace, who, sitting as an examining court, again committed the applicant, in default of bail, to await the action of the next grand jury. Applicant then applied to the district judge for a writ of *habeas corpus*, which was awarded, but, upon the hearing, the applicant was remanded to custody in default of bail. No trial upon the merits was had upon the *habeas corpus*, the applicant admitting the existence of probable cause for believing that he was guilty; but he demanded his discharge upon the ground that the second prosecution before the justice was barred by the previous one, and that the subject matter was *res adjudicata* as to any examining court, and he could no longer be detained to answer said charge except under an indictment by the grand jury. *Held*, 1. That, upon the failure of the grand jury to present an indictment against him for horse theft, at the term succeeding his commitment, the applicant was entitled to his discharge, and a dismissal of *that* prosecution, no good cause to the contrary, supported by affidavit, being shown to the court. 2. The doctrines of *res adjudicata* and jeopardy do not apply to proceedings before examining courts; and the second prosecution and proceedings in the examining courts were warranted by law.

2. SAME—JEOPARDY.—A person is in legal jeopardy only when he has been placed upon trial before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and when a jury has been charged with his deliverance.

U

3. SAME.—A dismissal of a prosecution before jeopardy has attached, without a trial upon the merits and a judgment of acquittal or conviction, is not a bar to another prosecution for the same offense.

4. SAME.—It is expressly provided by statute (Code Crim. Proc., Art. 281) that a discharge by a magistrate upon an examination of any person accused of an offense shall not prevent a second arrest of the same person for the same offense. The same rule applies in case of a commitment.

5. SPECIAL PLEAS OF FORMER ACQUITTAL AND CONVICTION are provided for by statute (Code Crim. Proc., Arts., 523 and 524), and are the only pleas of *res adjudicata* recognized in criminal proceedings, except in the case of judgment upon *habeas corpus*.

6. HABEAS CORPUS.—When a person accused of an offense has been discharged under *habeas corpus* proceedings, he cannot be detained in custody upon the same charge until after he shall have been indicted therefor.

HABEAS CORPUS on appeal from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The opinion discloses the case.

*D. H. Hewlett*, for the applicant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. On the eleventh day of December, 1883, appellant, in default of bail, was committed to the jail of Travis county, by Justice Tegener sitting as an examining court, upon the charge of theft of a horse. There was no bill of indictment for this offense presented against him by the grand jury at the next term of the court after said commitment. It appears that by mistake said grand jury presented an indictment against him for the theft of a saddle instead of for the theft of a horse. This fact being ascertained after the discharge of the grand jury, the district attorney moved the court to hold the appellant over to the next sitting of the grand jury, to answer the charge of theft of a horse. This motion the court declined to grant. Thereupon, immediately, a second prosecution for theft of a horse was instituted against appellant before Justice Von Rosenberg, and said justice, sitting as an examining court, again committed appellant, in default of bail, to the county jail to await the action of the next grand jury upon said charge of theft of a horse. Appellant applied to the Hon. A. S. Walker, judge of the sixteenth judicial district, for a writ of *habeas corpus*, which

was granted, and, upon a hearing thereof before said judge, appellant was remanded to the custody of the sheriff in default of bail in the sum of four hundred dollars, and from this judgment he has appealed to this court.

It was admitted by appellant, on the *habeas corpus* trial, that there existed probable cause for believing that he was guilty of the charge of theft of a horse, the charge upon which he was detained, and he did not seek to be discharged from custody upon the ground that he was innocent of said charge. Therefore, a trial upon the merits of the case was not had upon *habeas corpus.* Appellant sought to be discharged from custody upon the ground alone that the second prosecution against him for the same offense, before Justice Von Rosenberg, was barred by the previous prosecution before Justice Tegener; that, having been once proceeded against before an examining court, and by said court committed to custody for said offense, and having performed the judgment of that court, he could not again be prosecuted for the same offense before an examining court, the subject matter, as to said court, being *res adjudicata,* and that he could not any longer be detained to answer said charge except under an indictment by the grand jury.

There is no question but that appellant, upon the failure of the grand jury to present an indictment against him for the offense of theft of a horse, at the next term of the court after his commitment for said offense by Justice Tegener, was entitled to an order of the court discharging him from custody under *that* prosecution, and dismissing said prosecution. This was his right under the statute, no good cause to the contrary, supported by affidavit, being shown to the court. (Code Crim. Proc., Art. 592; *Bennett* v. *The State,* 27 Texas, 702.) Whether or not such an order of the court was made and entered does not appear, but the question in this case is immaterial, as appellant makes no complaint that it was denied him, and it appears that he is no longer detained under the first commitment, but is now detained under and by virtue of another prosecution.

We are of the opinion that the doctrine of *res adjudicata* does not apply to proceedings before examining courts. Those proceedings are only preliminary in most cases, and in felony cases said courts have no jurisdiction to render final judgments. The chief objects of such proceedings are to secure the presence of persons accused of crime before the proper tribunals, to answer for the offenses charged; to secure also the attendance of the

witnesses, and to preserve the testimony. It was never intended, we think, that the doctrine of *res adjudicata*, or jeopardy, should have any application to such proceedings. A person is in legal jeopardy only when he has been put upon trial before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. (Cooley Const. Lim., 404: *Vestal* v. *The State*, 3 Texas Ct. App., 648.) The dismissal of a prosecution before jeopardy has attached, without a trial upon the merits, and a judgment of acquittal or conviction, is not a bar to another prosecution for the same offense. (*Brill* v. *The State*, 1 Texas Ct. App., 152; *Goode* v. *The State*, 2 Texas Ct. App., 520; *Quitzow* v. *The State*, 1 Texas Ct. App., 47; *Longley* v. *The State*, 43 Texas, 490; *Swindell* v. *The State*, 32 Texas, 102.) It is expressly provided in our Code that a discharge by a magistrate, upon an examination of any person accused of an offense, shall not prevent a second arrest of the same person for the same offense. (Code Crim. Proc., Art. 281.) This provision furnishes conclusive evidence to our minds that it was not the intention of the Legislature to make the proceedings of an examining court a bar to subsequent proceedings before such a court involving the same transaction. If *res adjudicata* does not apply in the case of a *discharge*, we see no good reason why it should apply in the case of a *commitment*. Our Code provides for the special pleas of former acquittal and former conviction (Code Crim. Proc., Arts. 524–553), and these are the only pleas of *res adjudicata* recognized in our criminal procedure, except in the case of a judgment upon *habeas corpus*. (Code Crim. Proc., Art. 186.) Neither of these pleas, in our opinion, has relation, or is in any manner applicable to the case before us.

It is earnestly insisted by appellant's counsel that if this second commitment is legal, other subsequent prosecutions and commitments may be maintained so long as the grand juries may fail to present an indictment against the accused, and that in this way the prosecution may be kept alive, and the accused detained in custody for an indefinite length of time, without legal remedy. That such an instance might occur is perhaps possible, but, we think, by no means probable. If there exists against the accused no probable cause for believing him to be guilty of the offense charged against him, the law places within his reach a speedy and efficient remedy, which is the writ of *habeas corpus*, and

when he has been once discharged from custody under this writ, he cannot again be detained in custody upon the same charge until after he shall have been indicted therefor. (Code Crim. Proc., Art. 186.) This remedy will rarely ever fail to set at liberty and protect from groundless prosecution the innocent citizen, and that it will not suffice to turn loose those who are *prima facie* guilty is an objection which commends instead of condemns it.

It is provided that the provisions of our Code of Criminal Procedure shall be liberally construed, so as to attain the objects intended by the Legislature—the prevention, suppression and punishment of crime. (Code Crim. Proc., Art. 27.) Examining courts constitute a very important part of the machinery provided by law for the attainment of these objects, and we think it would be a narrow and unauthorized construction of the provisions of the Code to hold that the doctrine of jeopardy and *res adjudicata* applied to the preliminary proceedings of these courts.

We hold that the second prosecution of the appellant before Justice Von Rosenberg, and the proceedings thereunder, are legal and valid, and that there is no error in the judgment appealed from; wherefore said judgment is affirmed.

*Affirmed.*

Hurt, Judge, is not prepared to concur in or dissent from this opinion.

Opinion delivered May 28, 1884.