## WATT SHELTON V. THE STATE.

### No. 3966. Decided May 19, 1909.

**1.—Threatening Life of Human Being—Evidence—Motive—Declaration of Third Parties.**

Upon trial for seriously threatening to take the life of a human being there was no error in admitting testimony of a difficulty between third parties, one of whom used language derogatory to defendant's wife, of which language defendant was informed and upon which information he acted in making said threats.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial for seriously threatening to take the life of a human being the evidence supported the conviction, the same will not be disturbed.

Appeal from the County Court of Wharton. Tried below before the Hon. G. S. Gordon.

Appeal from a conviction of seriously threatening the life of a human being; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for seriously threatening to take the life of a human being, to wit, Will Cockrell, his punishment being assessed at a fine of $100.

The State's testimony in substance is, that appellant, in the night of the 6th of July, 1907, near the Methodist Church, in Boon's Bend neighborhood, in Wharton County, was sitting on a bridge over a creek between the Methodist and Sanctified churches; that there is a road running from the "Sanctified church" across said creek and in front of the "Methodist church;" that defendant was sitting on the bridge and had a shotgun in his hand; that defendant asked the witness, Ball, if Will Cockrell was at the church; that they were having a supper at the Methodist church and a meeting at the Sanctified church. The witness Ball informed appellant that Cockrell was not there. Appellant then said he had heard that Will Cockrell had cursed his wife for a son-of-a-bitch, and if he did he would kill him; that witness and the appellant were alone at the time, just about eight or nine o'clock at night. This witness is supported by other testimony to the same effect. Another witness for the State testified that appellant told him in a conversation that he had heard that Will Cockrell had cursed the Sanctified people for "sons-of-bitches," and that his wife was one of the Sanctified people, and that if he, Will Cockrell, had cursed his wife he was going to have hell with him; that his wife had done nothing to Will Cockrell, and if he cursed her for a son-of-a-bitch he was going to have hell with him. This was said in the presence of several other witnesses. Appellant took the stand, and testified that he had a gun on the occasion, but had it because he had heard an escaped convict named Bishop Batiste was in the community, had met people in the road and had taken their clothing away from them; that he was afraid he would meet Batiste in the road, and took his gun along to protect himself; that he did not intend to kill Will Cockrell, and did not say he was going to kill him; that he did say that if Will Cockrell told him that his wife was a son-of-a-bitch he was going to have hell with him; that he did not intend to kill Cockrell for calling his wife a son-of-a-bitch, but did intend to make him take it back if he said it to him, appellant, but did not expect he was going to say it to him if he had a gun in his hand; that if he had said it, and had not taken it back, he intended to use the gun. This is the substance of the testimony.

1. Appellant reserved a bill of exceptions, which recites that Cockrell and one Pettit had a fight, which grew out of and was caused by a disagreement between them in regard to the use of a certain schoolroom in the neighborhood where the offense charged is alleged to have been committed. This difficulty occurred in Wharton, in the absence of appellant. Various objections were urged to the introduction of this testimony, the principal of which was that appellant was not present, and therefore the testimony was incompetent and hearsay. The court signs this bill, with the qualification, however, that when the evidence was offered the county attorney stated that he expected to follow it with the testimony of other witnesses, showing that appellant, on the evening of the difficulty, was informed of the said difficulty, and the language claimed to have been used by said Will Cockrell during their difficulty, and that defendant, the same night after receiving said information, armed himself and went to the bridge near the church house, and made the alleged threat, and that the purpose of the introduction of the testimony concerning the difficulty in Wharton was to show motive on the part of the appellant in arming himself and making the threat; and it is further stated in the qualification that it was afterwards stated by Pettit that appellant was so informed of said difficulty, etc. We believe the testimony was admissible under the bill as qualified. If appellant had not been notified of the difficulty, and the remarks Cockrell made during the difficulty with Pettit, this testimony would not have been admissible, but it is sufficiently connected with the transaction to permit it to go before the jury. It seems, in fact, to have been the information upon which appellant acted.

2. Under the authorities in this State we are of opinion that the evidence is sufficient to authorize the conviction. In support of this, see article 962, P. C.; McFain v. State, 41 Texas, 385; Buie v. State, 1 Texas Crim. App., 58; Longley v. State, 43 Texas, 490; Aycock v. State, 2 Texas Crim. App., 381.

As the record presents the case, we are of the opinion that there is no reversible error. The judgment is therefore affirmed.

*Affirmed.*