In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00234-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                        MISTY LYNN DILL, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County
Court at Law

                                                             Fannin County, Texas

                                                            Trial
Court No. 45056

 

                                                                   
                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            The
State of Texas has appealed the grant of relief under an application for writ
of habeas corpus which was filed pretrial by Misty Lynn Dill.  Dill had claimed that the State’s information
alleging misdemeanor theft was barred because it exposed her to double
jeopardy.[1]  Because we find the State’s prosecution does
not expose Dill to double jeopardy, we reverse the trial court’s order.

Underlying Facts

            Dill
was charged in trial cause number 44613 with theft, alleging that she had
stolen “food and personal hygiene products” from Wal-Mart Supercenter and, with
leave of the trial court, amended the information to reflect the owner of the
purloined property to be Shane Hilger.[2]  At trial, however, the testimony was that
Dill had taken dog treats, dog nail clippers, a bottle of hair coloring, and
various items of makeup––secreting them on her person and about the scooter in
which she was riding while shopping––not paying for them.  The trial court determined that the State had
failed to prove that Dill had taken the alleged food and personal hygiene
products as alleged in the information and granted Dill’s motion for a directed
verdict of not guilty. 

            Responding
to the directed verdict, the State then filed a second information in trial
cause number 45056; this information once again alleged theft from Hilger on
the same date as the first information, but alleged that the stolen merchandise
was makeup, not the items previously alleged. 

            Dill
filed a pretrial request for habeas corpus relief, claiming that the
allegations in the second information would involve the same evidence and proof
of the same matters and conduct that had resulted in the earlier directed
verdict.  Based on this, Dill claimed
that she was being subjected to double jeopardy.  The trial court granted the requested relief
and the State has appealed that determination. 


Same Offense?

            Dill
argues that subjecting her to trial under the State’s second information
(alleging theft of makeup) would amount to trial for the same offense for which
the trial court previously directed a verdict of not guilty (i.e., the alleged
theft of food and personal hygiene products). 
The Double Jeopardy Clause protects against three different
circumstances:  (1) a second prosecution
for the same offense after acquittal; (2) a second prosecution for the same
offense after conviction; and (3) multiple punishments for the same
offense.  Bigon v. State, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).

            Based
on the statements by the parties in the trial court during argument in the
court below and at oral argument before this Court, on the reporter’s record of
the previous trial, and on the parties’ briefs, it appears virtually certain
that a second trial would involve evidence which was almost identical to that
presented in Dill’s first trial, a trial which ended with a directed verdict.  In order to meet the burden of proof for the
second information, the State would have to prove that Dill unlawfully
appropriated makeup which had a value of $50.00 or more, but less than $500.00
from Hilger, without Hilger’s effective consent with the intent to deprive
Hilger of the named property.  At the
first trial, the State offered evidence of all those elements; the problem
arose because (using the apparently archaic phrase which was usually employed
in civil cases) there arose a “fatal variance in the allegata and probata.”  Amsler
v. D. S. Cage & Co., 247 S.W. 669, 671 (Tex. Civ. App.—Beaumont 1923,
no writ).  That is, because the
information upon which the first trial was held alleged the property taken was
food and personal hygiene products, but the evidence proffered involved
something other than food and personal hygiene products being taken.  

            It
is unquestioned that Dill’s double jeopardy rights protect her against a
subsequent prosecution for the same offense following the trial court’s
rendition of a directed verdict in her favor. 
The central question to be resolved is whether trying Dill for theft of
makeup (after jeopardy had attached regarding the charge that she had taken
food and personal hygiene products) amounts to a prosecution for the same offense,
where all of the thefts are alleged to have occurred at the same time and place
from the same owner.[3]  We find it would not.  Accordingly, we will reverse the trial
court’s order. 

            The
defendants in Bailey v. State[4]
were accused of theft from the City of Houston. 
It was alleged the defendants, workers on construction projects,
committed theft[5]
by falsifying time sheets which they submitted. 
Although the indictment alleged that the City of Houston was the theft
victim, the evidence at trial instead proved that the owner of the company with
whom the city contracted (not the City of Houston) made payments to the
defendants.  Thus, the actual victim of
the thefts was the contractor, not the City of Houston.  Bailey,
87 S.W.3d at 125.  The State subsequently
reindicted, alleging the owner of the property to be the contractor.  “Traditionally, courts in Texas have held
that an acquittal because of a variance between the pleading and the proof does
not bar reprosecution on a new charge alleging that version of the offense
which the State’s evidence proved in the first trial.”  Id.
at 126–27 (citations omitted).  The Bailey court found the two allegations
(the first charging the defendants with theft from the city and the second
charging them with theft from the contractor) were not the same offense for
double jeopardy purposes.  Id. at 127 (citing Fulmer v. State, 731 S.W.2d 943, 948 (Tex. Crim. App. 1987) (Clinton,
J., concurring) (opinion adopted by majority)).[6]  

            Although
not deciding a claim of double jeopardy, we also find instructive Byrd v. State, 336 S.W.3d 242 (Tex.
Crim. App. 2011).  Byrd was charged with
stealing various items from Morales; no evidence was presented at trial to
connect Morales with Wal-Mart, the store from which the items were stolen.  Writing for the unanimous Texas Court of
Criminal Appeals, Judge Cochran discussed the importance and degrees of
variances between allegations in charging instruments and proof at trial:  “Variances are mistakes of one sort or
another.  Sometimes they make no
difference at all, sometimes they make all the difference.”  Id. at
246.  Proving a defendant killed an
entirely different victim than was named in the indictment would be “a big
mistake.”  Id.  But if, instead, the
proof amounted only to a slight difference in the victim’s correct name (e.g.,
that the defendant killed Don McGrew when it was alleged the victim’s name was
Dan McGrew or Dan Magoo), such variances would be deemed “little mistakes,
generally not likely to prejudice a defendant’s substantial rights by either
(1) failing to give him notice of who it was he allegedly killed, or (2)
allowing a second murder prosecution for killing the same person with a
different spelling of his name.”  Id. at 247.[7]  The Texas Court of Criminal Appeals concluded
that Byrd involved a failure of
proof; in other words, the State failed to prove what it had alleged.  Id. at
258.  Although double jeopardy was not
the primary issue in the Byrd case,
the reasoning and some statements in the opinion strongly indicate that the
State could prosecute Byrd if it were to allege Wal-Mart as the victim.[8]

            We
find that the State’s second information, charging Dill with theft of makeup,
was not barred by prosecution of the previous case against Dill.  The allegation in the second information
charged Dill with a different theft than the theft alleged in the first
information.[9]  

            We
reverse the trial court’s order and remand this case to that court for further
proceedings not inconsistent with this opinion. 


 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          June
29, 2011

Date Decided:             July
21, 2011

 

Publish                        

 











[1]See U.S.
Const. amend. V; Tex. Const.
art. I, § 14.  The United States
Constitution’s Fifth Amendment’s double jeopardy protection applies to the
states through the Fourteenth Amendment.  See Benton v. Maryland, 395 U.S. 784, 794 (1969).
 The United States and Texas Constitutions
provide substantially identical double jeopardy protection.  See Ex parte Mitchell, 977 S.W.2d 575, 580
(Tex. Crim. App. 1997).

 





[2]Hilger
testified at Dill’s first trial that he was an asset protection manager for
Wal-Mart.  Such allegation of ownership
is permissible.  See Tex. Code Crim. Proc.
Ann. art. 21.08 (West 2009); Harrell
v. State, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993).





[3]The
crux of Dill’s argument, before the trial court and this Court, is that because
the same items allegedly stolen, in the same incident occurring at the same
time, are the basis of the criminal allegations, the second information charges
the same conduct as was alleged in the first trial.  Thus, argues Dill, she cannot be subjected to
prosecution for the same conduct as she was found not guilty of at the first
trial.  This “same conduct” theory of
double jeopardy protection has been rejected by the United States Supreme
Court.  United States v. Dixon, 509
U.S. 688, 704, 711 (1993).

 





[4]87
S.W.3d 122 (Tex. Crim. App. 2002).

 





[5]The
defendants were also charged with engaging in organized criminal activity.  Id. at
124.

 





[6]We
obviously are aware of Judge Keasler’s thorough and reasoned dissent in Bailey, pointing out potential
inconsistencies with other cases and criticizing the majority’s reasoning and
holding.  Nonetheless, the Bailey opinion, as well as United States v. Dixon, 509 U.S. 688
(1993), are the precedential authorities here. 





[7]Cf. Fuller v. State, 73 S.W.3d 250 (Tex.
Crim. App. 2002) (defendant indicted for injuring Olen M. Fuller; the witnesses,
though, only referred to the victim as “Mr. Fuller” or “Buddy,” and the State
offered no proof the victim was Olen M. Fuller; held to be immaterial variance).





[8]The
court’s long discussion and reliance upon Bailey’s
reasoning suggests this; as does the opinion’s statement that the extant
information, “coupled with the trial transcript, [would not] prevent the State
from charging [Byrd] with a theft from Wal-Mart or one of the loss prevention
officers who testified at trial.”  Byrd, 336 S.W.3d at 254–55.

 





[9]See Swindel
v. State, 32 Tex. 102, 103–04 (1869) (defendant acquitted for theft of
horse; subsequent charge of theft of gelding held not to be barred).  Dill attempts to distinguish Swindel by saying, “[T]here is no specific
statute creating a separate crime for the stealing of cosmetics as opposed to
personal hygiene products as the trial court understood. . . . The
two are not separate parts of the statute as horse and gelding hence Swindel is not applicable.”  We do not find this distinction
persuasive.