**AFFIRMED and Opinion Filed November 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00831-CR

### EX PARTE REGINALD GUTHRIE

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F15-39516-L**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Reginald Guthrie appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus. In his sole issue, appellant contends the trial court erred in concluding he is not being put in double jeopardy. We affirm.

On October 19, 2015, appellant was charged in municipal court with assaulting Khadijah Washington. The original complaint alleged appellant intentionally or knowingly made offensive contact with Khadijah Washington by punching her in the lip and forehead when he knew or should have known such contact would be offensive and/or provocative. The original complaint also alleges appellant had a dating relationship with Khadijah Washington.

The original complaint was amended by physically interlineating it to: (1) add the word "Amend" at the top of the document; (2) substitute Shakerra Washington for Khadijah Washington as the complainant; (3) change the assaultive conduct to punching the complainant on the forehead; and (4) strike the allegation of a "dating relationship" in favor of "parent of the victim's child."

On February 19, 2016, a second amended complaint was sworn to with the handwritten word "Amended" added to the top corner of the document. The "Amended" complaint formalizes the handwritten alterations in the "Amend" complaint and alleges appellant assaulted Shakerra Washington by punching her on the forehead and he had a familial relationship with her in that he was the parent of her child. The original complaint, the "Amend" complaint, and the "Amended" complaint all bear the same cause number.

On February 29, 2016, appellant entered a plea of no contest and the municipal court entered an order deferring adjudication of his case. The order of deferral references the municipal court cause number and indicates appellant was charged with "assault F/V", but it does not reference the complainant's name or details of the offense.

On March 11, 2016, appellant was indicted for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). The indictment charged he did on or about October 16, 2015:

> intentionally, knowingly and recklessly cause bodily injury to KHADIJAH WASHINGTON, hereinafter called complainant, by STRIKING COMPLAINANT WITH A HAND AND BY STRIKING AND FORCING COMPLAINANT TO AND AGAINST THE GROUND WITH A MOTOR VEHICLE, and said defendant did use and exhibit a deadly weapon, to-wit: a MOTOR VEHICLE, during the commission of the assault.

After being indicted, appellant filed a pretrial application for writ of habeas corpus. In his writ application, appellant admitted that "[o]n or about October 16, 2015, an alleged incident occurred between [appellant] and two other persons, namely Khadijah Washington and Shakerra Washington." Appellant pointed out that he had entered initially a plea of "not guilty" to assaulting Khadijah Washington and, after the amendments, changed his plea to "no contest." He denied that Khadijah Washington had been "removed, substituted or dismissed from this prosecution" at the time he changed his plea to no contest on both assaults. Appellant asserted he had already been tried in municipal court for assaulting Khadijah Washington and thus the current prosecution was

barred by double jeopardy under both the federal and state constitutions. The trial court denied the writ application without conducting a hearing and prepared eleven combined findings of fact and conclusions of law. On appeal, appellant challenges the trial court's findings and conclusions numbered eight through eleven.

In finding and conclusion number eight, the trial court found that while the original municipal court complaint named Khadijah Washington as the victim, the amended complaints named Shakerra Washington as the victim. The trial court concluded, "[b]ecause the complaints in the municipal court were amended to allege a different victim, Shakerra Washington, there is no proof to support [appellant's] allegation that he was previously convicted of the underlying assault involving Khadijah Washington." In its findings and conclusions numbered nine through eleven, the trial court concluded that because the municipal court filings indicate appellant entered a plea relating to the assault of Shakerra Washington rather than Khadijah Washington, appellant's claim of double jeopardy is without merit, and the State is not barred from prosecuting him for the aggravated assault against Khadijah Washington.

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id*. The trial court, as fact finder, is the exclusive judge of witness credibility. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's factual findings when those findings are based upon credibility and demeanor. *Id*. If, however, the trial court's determinations are questions of law, or else are mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determinations and review them *de novo*. *State v. Ambrose*, 487 S.W.3d 587, 596–97 (Tex. Crim. App. 2016).

The Fifth Amendment's Double Jeopardy Clause, made applicable to the states by the Fourteenth Amendment, protects persons from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See* U.S. CONST. amends. V, XIV;[1] *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). When a double jeopardy violation has occurred, a writ of habeas corpus may be used to challenge the error. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013).

In this case, appellant contends he is being subjected to multiple punishments for the same offense. When two prosecutions involve distinct statutory provisions, to determine whether a defendant is being punished twice for the same conduct, we apply the *Blockburger* test and ask whether the two offenses contain the same elements or whether each provision requires proof of a fact which the other does not. *United States v. Dixon*, 509 U.S. 688, 697 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Ex parte Castillo*, 469 S.W.3d 165, 168 (Tex. Crim. App. 2015). We focus on the elements alleged in the charging instruments to determine whether two offenses are the same for purposes of double jeopardy. *Denton*, 399 S.W.3d at 546.

For assaultive offenses, the allowable unit of prosecution is each victim. *Castillo*, 469 S.W.3d at 172. Thus, in an assaultive offense where there are two victims, the defendant may be prosecuted separately for each victim. *Id*. Double jeopardy protections do not apply when a defendant is charged with separate and distinct offenses that occur during the same criminal transaction. *Milner*, 394 S.W.3d at 506. If the criminal act involves separate victims and distinct offenses, separate prosecutions for the offenses are not barred. *Id*.

---

[1] Although appellant also contends the trial court's ruling violates the double jeopardy prohibition of the Texas Constitution, he makes no separate constitutional argument under the Texas Constitution and the federal and state protections are similar. *See* TEX. CONST. art. I, §14; *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997). Thus, we will not analyze separately the requirements of the double jeopardy prohibition in the Texas Constitution.

In his sole issue, appellant contends the trial court erred in finding and concluding different victims were alleged in the municipal court case and the district court case so appellant was not subjected to double jeopardy. Appellant contends the record does not support the trial court's findings and conclusions. Although the original and final amended municipal court complaints reflect the dates on which the complaints were sworn, appellant contends the record is not clear as to which citation was latest in time because the complaints are not stamped with filing dates. Moreover, the municipal court's order of deferral does not indicate which of the three complaints appellant was pleading to when he entered his no contest plea on February 29, 2016. There is no judicial confession or other document that sheds light on appellant's municipal court plea. Appellant reasons that without further documentation on the record as to the dates of filing the complaints, and documentation of the offense appellant pled to, the trial court erred in finding Shakerra Washington was the assault victim in the municipal court offense. Appellant argues the trial court's incorrect finding that Shakerra Washington was the complainant in the municipal court prosecution then led to the faulty conclusion that because the municipal court case involved a different victim, Dallas County was not precluded from trying him for assaulting Khadijah Washington. Appellant contends because the municipal court record does not support the trial court's finding of fact, it was an abuse of discretion for the trial court to reach conclusions of law that Dallas County could prosecute him without exposing him to double jeopardy.

Chapter 45 of the code of criminal procedure governs proceedings in municipal court. *See Huynh v. State*, 901 S.W.2d 480, 482 (Tex. Crim. App. 1995). The municipal court's original criminal jurisdiction is invoked with the filing of a complaint. *Schinzing v. State*, 234 S.W.3d 208, 210 (Tex. App.—Waco 2007, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 45.018(a). The complaint must be sworn, but there is no requirement that it be filestamped. *See* TEX. CODE CRIM. PROC. ANN. art. 45.019 (detailing requirements for complaints). Chapter 45 does not prohibit

amendment of a complaint. *See* TEX. CODE CRIM. PROC. ANN. art. 45.001 *et seq.*; *Ghaffari v. State*, No. 05-97-01541-CR, 1999 WL 250328, at *2 (Tex. App.—Dallas Apr. 29, 1999, pet. ref'd) (not designated for publication);[2] *see also Turner v. State*, No. 05-17-00732-CR, 2018 WL 774147, at *1 (Tex. App.—Dallas Feb. 8, 2018, pet. ref'd) (mem. op.) (not designated for publication) (addressing allegations of error following trial in municipal court on amended complaint). Once amended and properly incorporated into the record, an amended complaint becomes the official complaint. *Cf. Riney v. State*, 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000) (discussing amendment of indictments). In the case of indictments, physical interlineation of the original is one method of amending the indictment. *See id.* at 565. A defendant is entitled to notice of a complaint at least one day before the prosecution under the complaint. *See* TEX. CODE CRIM. PROC. ANN. art. 45.018(b). If the defendant fails to object to the complaint before trial, any defect, error, or irregularity is waived. *See id.* at 45.019(f).

In reviewing *de novo* the trial court's determination, we can reasonably infer, as the trial court did, that the original complaint, sworn to on October 19, 2015 just four days after the alleged offense, preceded in time the "Amend" complaint—which is an interlineated version of the original complaint—and the final "Amended" complaint sworn to on February 19, 2016. With regard to the final February 19, 2016 "Amended" complaint, we make this inference both because the amended complaint specifically notes on its face that it is "Amended" and because it was sworn to on a later date.

We interpret the municipal court records as showing appellant was originally charged with assaulting Khadijah Washington, but the complaint was amended on a later date to allege appellant assaulted Shakerra Washington. Because all three complaints share a common cause number, and because it is reasonable to assume that the "Amend" and "Amended" versions of the complaint

---

[2] Unpublished opinions of the courts of appeals may be cited but have no precedential value. TEX. R. APP. P. 47.7(a).

came later in sequence, we can further reasonably infer, as the trial court did, that the last complaint in the sequence—the "Amended" February 19, 2016 complaint charging an assault against Shakerra Washington—was the charging instrument to which appellant pled no contest. *See Riney*, 28 S.W.3d at 566; *see also Braun v. State*, No. 02-08-00130-CR, 2009 WL 579299, at \*4 (Tex. App.—Fort Worth Mar. 5, 2009, pet. ref'd) (mem. op. not designated for publication) (amended indictment supercedes original indictment).

Furthermore, the fact that the "Amend" version of the complaint specifically strikes out Khadijah Washington as a complainant and substitutes Shakerra Washington indicates that the municipal court proceeded solely on the assault offense involving Shakerra Washington and not on both offenses as appellant suggested to the trial court. Nothing in the limited municipal court records before us contradicts the trial court's reasonable inference that appellant pleaded no contest in the municipal court to assaulting Shakerra Washington. *See Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (reviewing court, absent evidence of impropriety, indulges every presumption in favor of regularity of lower court proceedings and documents); *see also Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g) (we presume regularity of court records).

We also conclude the conduct charged in the municipal court offense is not the same conduct charged in the current district court case. Appellant was charged in municipal court with an assault involving offensive or provocative physical contact and an allegation was made that he had a familial relationship with the complainant. We note that although the trial court's deferral order describes the offense as an assault with family violence, there is no family violence enhancement for offensive contact assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2), (b-2), (c). In district court, appellant is charged with aggravated assault of a different complainant using a deadly weapon.

Thus, the two cases charge different offenses found in different sections of the penal code and each requires proof of an element not found in the other. The municipal court assault charge required proof of offensive or provocative contact not required to show aggravated assault with a deadly weapon while the aggravated assault case requires proof of the use of a motor vehicle as a deadly weapon that is not part of the required proof in the municipal court case. *Compare* TEX. PENAL CODE ANN. § 22.01(a)(3) *with* TEX. PENAL CODE ANN. § 22.02(a)(2); *cf. McKithan v. State*, 324 S.W.3d 582, 591 (Tex. Crim. App. 2010) (concluding offensive-contact assault is not lesser included offense of bodily-injury assault because State need not establish that contact was offensive to show defendant caused complainant bodily injury).

We conclude appellant has not met his burden to show the trial court erred in finding the municipal court complaint was amended to charge him with assaulting Shakerra Washington nor in concluding that because he was tried for assaulting Shakerra Washington in municipal court, he is not being subjected to double jeopardy in the present prosecution alleging aggravated assault against Khadijah Washington. *See Castillo*, 469 S.W.3d at 172 (concluding defendant not subjected to double jeopardy by being tried for capital murder for one victim and aggravated assault of another victim when both offenses occurred as part of same criminal transaction). We overrule appellant's sole issue.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180831F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE REGINALD GUTHRIE

No. 05-18-00831-CR

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F15-39516-L.
Opinion delivered by Justice Francis.
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's pretrial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered November 21, 2018.