

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00234-CR

_____

THE STATE OF TEXAS, Appellant

V.

MISTY LYNN DILL, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. 45056

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

The State of Texas has appealed the grant of relief under an application for writ of habeas corpus which was filed pretrial by Misty Lynn Dill. Dill had claimed that the State's information alleging misdemeanor theft was barred because it exposed her to double jeopardy.[1] Because we find the State's prosecution does not expose Dill to double jeopardy, we reverse the trial court's order.

*Underlying Facts*

Dill was charged in trial cause number 44613 with theft, alleging that she had stolen "food and personal hygiene products" from Wal-Mart Supercenter and, with leave of the trial court, amended the information to reflect the owner of the purloined property to be Shane Hilger.[2] At trial, however, the testimony was that Dill had taken dog treats, dog nail clippers, a bottle of hair coloring, and various items of makeup—secreting them on her person and about the scooter in which she was riding while shopping—not paying for them. The trial court determined that the State had failed to prove that Dill had taken the alleged food and personal hygiene products as alleged in the information and granted Dill's motion for a directed verdict of not guilty.

---

[1]*See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14. The United States Constitution's Fifth Amendment's double jeopardy protection applies to the states through the Fourteenth Amendment. *See Benton v. Maryland*, 395 U.S. 784, 794 (1969). The United States and Texas Constitutions provide substantially identical double jeopardy protection. *See Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997).

[2]Hilger testified at Dill's first trial that he was an asset protection manager for Wal-Mart. Such allegation of ownership is permissible. *See* TEX. CODE CRIM. PROC. ANN. art. 21.08 (West 2009); *Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993).

2

Responding to the directed verdict, the State then filed a second information in trial cause number 45056; this information once again alleged theft from Hilger on the same date as the first information, but alleged that the stolen merchandise was makeup, not the items previously alleged.

Dill filed a pretrial request for habeas corpus relief, claiming that the allegations in the second information would involve the same evidence and proof of the same matters and conduct that had resulted in the earlier directed verdict. Based on this, Dill claimed that she was being subjected to double jeopardy. The trial court granted the requested relief and the State has appealed that determination.

### Same Offense?

Dill argues that subjecting her to trial under the State's second information (alleging theft of makeup) would amount to trial for the same offense for which the trial court previously directed a verdict of not guilty (i.e., the alleged theft of food and personal hygiene products). The Double Jeopardy Clause protects against three different circumstances: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).

Based on the statements by the parties in the trial court during argument in the court below and at oral argument before this Court, on the reporter's record of the previous trial, and on the parties' briefs, it appears virtually certain that a second trial would involve evidence which was

3

almost identical to that presented in Dill's first trial, a trial which ended with a directed verdict. In order to meet the burden of proof for the second information, the State would have to prove that Dill unlawfully appropriated makeup which had a value of $50.00 or more, but less than $500.00 from Hilger, without Hilger's effective consent with the intent to deprive Hilger of the named property. At the first trial, the State offered evidence of all those elements; the problem arose because (using the apparently archaic phrase which was usually employed in civil cases) there arose a "fatal variance in the allegata and probata." *Amsler v. D. S. Cage & Co.*, 247 S.W. 669, 671 (Tex. Civ. App.—Beaumont 1923, no writ). That is, because the information upon which the first trial was held alleged the property taken was food and personal hygiene products, but the evidence proffered involved something other than food and personal hygiene products being taken.

It is unquestioned that Dill's double jeopardy rights protect her against a subsequent prosecution for the same offense following the trial court's rendition of a directed verdict in her favor. The central question to be resolved is whether trying Dill for theft of makeup (after jeopardy had attached regarding the charge that she had taken food and personal hygiene products) amounts to a prosecution for the same offense, where all of the thefts are alleged to have occurred at the same time and place from the same owner.[3] We find it would not. Accordingly, we will reverse the trial court's order.

---

[3]The crux of Dill's argument, before the trial court and this Court, is that because the same items allegedly stolen, in the same incident occurring at the same time, are the basis of the criminal allegations, the second information charges

The defendants in *Bailey v. State*[4] were accused of theft from the City of Houston. It was alleged the defendants, workers on construction projects, committed theft[5] by falsifying time sheets which they submitted. Although the indictment alleged that the City of Houston was the theft victim, the evidence at trial instead proved that the owner of the company with whom the city contracted (not the City of Houston) made payments to the defendants. Thus, the actual victim of the thefts was the contractor, not the City of Houston. *Bailey*, 87 S.W.3d at 125. The State subsequently reindicted, alleging the owner of the property to be the contractor. "Traditionally, courts in Texas have held that an acquittal because of a variance between the pleading and the proof does not bar reprosecution on a new charge alleging that version of the offense which the State's evidence proved in the first trial." *Id.* at 126–27 (citations omitted). The *Bailey* court found the two allegations (the first charging the defendants with theft from the city and the second charging them with theft from the contractor) were not the same offense for double jeopardy

---

the same conduct as was alleged in the first trial. Thus, argues Dill, she cannot be subjected to prosecution for the same conduct as she was found not guilty of at the first trial. This "same conduct" theory of double jeopardy protection has been rejected by the United States Supreme Court. *United States v. Dixon*, 509 U.S. 688, 704, 711 (1993).

[4]87 S.W.3d 122 (Tex. Crim. App. 2002).

[5]The defendants were also charged with engaging in organized criminal activity. *Id.* at 124.

purposes. *Id.* at 127 (citing *Fulmer v. State*, 731 S.W.2d 943, 948 (Tex. Crim. App. 1987) (Clinton, J., concurring) (opinion adopted by majority)).[6]

Although not deciding a claim of double jeopardy, we also find instructive *Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011). Byrd was charged with stealing various items from Morales; no evidence was presented at trial to connect Morales with Wal-Mart, the store from which the items were stolen. Writing for the unanimous Texas Court of Criminal Appeals, Judge Cochran discussed the importance and degrees of variances between allegations in charging instruments and proof at trial: "Variances are mistakes of one sort or another. Sometimes they make no difference at all, sometimes they make all the difference." *Id.* at 246. Proving a defendant killed an entirely different victim than was named in the indictment would be "a big mistake." *Id.* But if, instead, the proof amounted only to a slight difference in the victim's correct name (e.g., that the defendant killed Don McGrew when it was alleged the victim's name was Dan McGrew or Dan Magoo), such variances would be deemed "little mistakes, generally not likely to prejudice a defendant's substantial rights by either (1) failing to give him notice of who it was he allegedly killed, or (2) allowing a second murder prosecution for killing the same person with a different spelling of his name." *Id.* at 247.[7] The Texas Court of Criminal Appeals

---

[6] We obviously are aware of Judge Keasler's thorough and reasoned dissent in *Bailey*, pointing out potential inconsistencies with other cases and criticizing the majority's reasoning and holding. Nonetheless, the *Bailey* opinion, as well as *United States v. Dixon*, 509 U.S. 688 (1993), are the precedential authorities here.

[7] *Cf. Fuller v. State*, 73 S.W.3d 250 (Tex. Crim. App. 2002) (defendant indicted for injuring Olen M. Fuller; the witnesses, though, only referred to the victim as "Mr. Fuller" or "Buddy," and the State offered no proof the victim was Olen M. Fuller; held to be immaterial variance).

concluded that *Byrd* involved a failure of proof; in other words, the State failed to prove what it had alleged. *Id.* at 258. Although double jeopardy was not the primary issue in the *Byrd* case, the reasoning and some statements in the opinion strongly indicate that the State could prosecute Byrd if it were to allege Wal-Mart as the victim.[8]

We find that the State's second information, charging Dill with theft of makeup, was not barred by prosecution of the previous case against Dill. The allegation in the second information charged Dill with a different theft than the theft alleged in the first information.[9]

We reverse the trial court's order and remand this case to that court for further proceedings not inconsistent with this opinion.

Bailey C. Moseley
Justice

Date Submitted: June 29, 2011
Date Decided: July 21, 2011

Publish

---

[8]The court's long discussion and reliance upon *Bailey*'s reasoning suggests this; as does the opinion's statement that the extant information, "coupled with the trial transcript, [would not] prevent the State from charging [Byrd] with a theft from Wal-Mart or one of the loss prevention officers who testified at trial." *Byrd*, 336 S.W.3d at 254–55.

[9]*See Swindel v. State*, 32 Tex. 102, 103–04 (1869) (defendant acquitted for theft of horse; subsequent charge of theft of gelding held not to be barred). Dill attempts to distinguish *Swindel* by saying, "[T]here is no specific statute creating a separate crime for the stealing of cosmetics as opposed to personal hygiene products as the trial court understood. . . . The two are not separate parts of the statute as horse and gelding hence *Swindel* is not applicable." We do not find this distinction persuasive.