

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0545-14

### EX PARTE THOMAS EDWARD CASTILLO, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, ALCALA, RICHARDSON, and NEWELL, JJ., joined. YEARY, J., did not participate.

## O P I N I O N

The question in this case is whether the successive prosecution of Thomas Edward Castillo, Appellant, for burglary and aggravated assault is jeopardy barred because of his prior acquittal for capital murder. Because we hold that the burglary charge is jeopardy barred, but the aggravated assault is not, we will affirm the judgment of the court of appeals in part and reverse it in part.

### FACTS AND PROCEDURAL HISTORY

In 2000, Appellant married Carol Sanchez. About ten years later, Sanchez met a

man named Rogelio "Ray" Nava, whom she moved in with after separating from Appellant.[1] In the early morning hours of August 15, 2010, after Nava and Sanchez returned to Nava's home and went to bed, Appellant, who had been hiding in Nava's bedroom, stabbed Nava and then Sanchez. The evidence showed that Nava likely died instantly, but that Sanchez survived the encounter despite being stabbed eleven times in total, among other injuries she suffered that night.

Appellant was charged in two separate indictments returned on the same day. All of the charges stemmed from the same incident. The first indictment alleged that Appellant committed capital murder when he intentionally caused the death of Nava while "in the course of committing or attempting to commit the offense of burglary of a habitation owned by" Nava.[2] The second indictment charged Appellant with aggravated assault and burglary.[3] The first count stated that Appellant intentionally, knowingly, or

---

[1]Approximately four weeks after Sanchez moved in with Nava, she moved back in with Appellant. However, she lived with him again for only a few days before she left to stay with her sister and, ultimately, moved back in with Nava.

[2]The capital-murder allegation stated,

[O]n or about the 15th Day of August, 2010, THOMAS CASTILLO, hereinafter referred to as defendant, did intentionally cause the death of an individual, namely, Rogelio Nava, hereinafter referred to as complainant, by CUTTING AND STABBING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY, A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and the defendant was in the course of committing or attempting to commit the offense of BURGLARY OF A HABITATION owned by Rogelio Nava[.]

[3]That second indictment alleged,

recklessly caused serious bodily injury to Sanchez using a deadly weapon. The second count alleged that Appellant intentionally or knowingly entered the habitation of Nava without his effective consent and "attempted to commit and committed the felony offense of aggravated assault[] against" Sanchez.

Before the capital-murder trial began, Appellant moved to consolidate the indictments and for the State to specify how the predicate burglary for the capital-murder charge was committed.[4] The State objected, and the trial court denied Appellant's motions. At the charge conference, Appellant asked for lesser-included-offense instructions on murder and manslaughter, which the trial court denied. Appellant was subsequently acquitted of capital murder. After his acquittal, and before Appellant's second trial for burglary and aggravated assault, Appellant filed a pretrial writ application arguing that the second prosecution was barred by double jeopardy. The trial court denied

---

[O]n or about the 15th Day of August, 2010, THOMAS CASTILLO, hereinafter referred to as defendant, did intentionally, knowingly and recklessly cause serious bodily injury to Carol Sanchez by CUTTING AND STABBING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY, A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and Carol Sanchez was a member of the defendant's family[.]

. . . .

[O]n or about the 15th Day of August, 2010, THOMAS CASTILLO did intentionally and knowingly enter a habitation, and therein attempted to commit and committed the felony offense of AGGRAVATED ASSAULT, against Carol Sanchez, without the effective consent of Rogelo Nava, the owner[.]

[4]*See* TEX. PENAL CODE § 30.02(a)(1)–(3).

Appellant's application, and he appealed. The San Antonio Court of Appeals reversed the decision of the trial court and remanded the cause for the second indictment to be dismissed. *Castillo v. State*, 432 S.W.3d 457, 470 (Tex. App.—San Antonio 2014, pet. granted). The State then filed a petition for discretionary review on three grounds,[5] arguing that the court of appeals erred when it decided that the second prosecution of Appellant was jeopardy barred. We granted review.

## DISCUSSION

The Double Jeopardy Clause of the United States Constitution is applicable to the states through the Fourteenth Amendment, and it protects an accused from impermissible multiple punishments or successive prosecutions for the same offense after an acquittal or conviction. U.S. CONST. amend. V, cl. 2; *see Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). When two distinct statutory provisions are at issue, we ordinarily determine legal sameness by applying the same-elements test to determine whether "each

---

[5]The grounds for review state,

(1) The Court of Appeals erred by reviving *Grady v. Corbin* (overruled by the Supreme Court), and applying a cognate evidence analysis (rejected by this court) in reviewing a double jeopardy claim.

(2) The Court of Appeals erred by finding that an aggravated assault on a victim not named in a capital murder indictment was a lesser included offense of the capital murder.

(3) The Court of Appeals misapplied the law by finding that an offense was subsumed within the greater if the State 'could have' used that offense to prove the greater, rather than that it was required to do so.

provision requires proof of a fact which the other does not."[6] *See United States v. Dixon*, 509 U.S. 688, 697 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under that test, lesser-included offenses are legally the same as a greater offense, and are wholly subsumed by the elements of the greater offense, unless the potential lesser-included offense requires proof of a fact not required to establish the greater offense. *See Harris v. Oklahoma*, 433 U.S. 682 (1977) (per curiam); *Brown v. Ohio*, 432 U.S. 161, 168 (1977); *see also* TEX. CODE CRIM. PROC. art. 37.09(1). To determine if an offense is a lesser included of another, we employ the cognate-pleading approach adopted in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), which requires us to compare the elements of the greater offense as pled to the statutory elements of the potential lesser-included offense in the abstract. *Id.* This analysis is a legal question and does not depend on the evidence offered at trial.[7] *See id.* at 535.

If the offenses are legally the same, the next step is to determine whether the offenses are factually the same. *Ex parte Benson*, WR–81,764-01, 2015 WL 1743459, at

---

[6]The same-elements test is used in both multiple-punishment and successive-prosecution cases, but in a multiple-punishments analysis, which is not at issue in this case, we also must discern whether the Legislature intended to authorize multiple punishments for the same act. *Dixon*, 509 U.S. 696–97 (same-elements test applies in the multiple-punishment and successive-prosecution context); *Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (multiple-punishment analysis, in part, asks whether a defendant who violates multiple statutory provisions should be subject to multiple punishments); *see Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999) (applying *Hunter* to Texas).

[7]Although we compare the indictments in this case to facilitate the same-elements analysis, that comparison does not rely on evidence adduced at trial, unlike the same-conduct test utilized by the Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 521–22 (1990), *overruled by Dixon*, 509 U.S. at 704.

*3 (Tex. Crim. App. Apr. 15, 2015). We determine factual sameness by determining the allowable unit of prosecution and reviewing the trial record to establish how many units have been shown. *Id.* The allowable unit of prosecution of an offense turns on statutory construction and usually requires ascertaining the gravamen, or gravamina, of the offense. *See id.* After reviewing the record, if a court concludes that the offenses are based on the same unit of prosecution, then the offenses are factually the same for successive prosecution purposes. To prevail, the claimant must prove legal sameness and factual sameness. *See id.*

### 1. Burglary

The State argues that burglary is not the same as capital murder as pled in this case because, under a strict application of the same-elements test, each offense requires proof of a fact that the other does not. It also asserts that it is impossible, from reading the pleadings alone, to determine that the State charged Appellant with the same burglary twice. Appellant responds that, based on the same-elements test, the burglary offenses are legally and factually the same in accordance with our decision in *Littrell v. State*, 271 S.W.3d 273 (Tex. Crim. App. 2008).

In *Littrell*, the appellant was charged, in part, with felony murder and aggravated robbery, both of which were "committed against the same victim on the same date." *Id.* at 274. The felony-murder count alleged that, while committing or attempting to commit aggravated robbery, the appellant "committed an act clearly dangerous to human life that

caused the complainant's death during the commission (or attempted commission) of aggravated robbery." *Id.* at 276. The aggravated-robbery count charged the same aggravated robbery. *Id.* Littrell was convicted of both offenses, and on appeal, he argued that his convictions impermissibly punished him twice for the same offense. *Id.* at 274–75. The court of appeals disagreed and held that there was no double-jeopardy violation because felony murder as alleged and aggravated robbery are not the "same" under *Blockburger*. *Id.* at 275. We reversed the judgment of the court of appeals and reasoned that the offenses were legally the same because the stand-alone aggravated-robbery charge was a lesser-included offense of felony murder as pled in that case:

> The State's theory of felony murder, as expressed in Count One of the indictment, is that the appellant committed an act clearly dangerous to human life that caused the complainant's death during the commission (or attempted commission) of aggravated robbery. Count Two of the indictment alleges that self-same predicate aggravated robbery. In order to establish felony murder as alleged in Count One, the State need prove no more than the aggravated robbery (or attempted aggravated robbery) alleged in Count Two, plus additional facts. In order to prove the aggravated robbery, the State need prove no additional fact that is not already contained in Count One. As they are pled in the indictment, then, Count Two is clearly subsumed within, and therefore constitutes a lesser-included offense of, Count One, both as a matter of state law and for double-jeopardy purposes.

*Id.* at 276–77 (footnote omitted).

Applying the reasoning of our decision in *Littrell* to Appellant's case, the burglary charge is a lesser-included offense of capital murder as pled because, to establish capital murder, the State needed to "prove no more than the [burglary] (or attempted

[burglary]) . . . plus additional facts."[8] *Id.* We also disagree with the State's argument that, in this case, capital murder and burglary are not legally the same because the burglary charge alleged a completed burglary and the other did not. When faced with an almost identical situation in *Littrell*, we stated that, as a matter of state law, an allegation of a completed offense is the same as alleging an attempt to commit the same offense. *See id.* at n.18 (citing TEX. CODE CRIM. PROC. art. 37.09(4)). On that basis, we held that the felony-murder charge, which alleged a completed or attempted aggravated robbery, still subsumed the stand-alone aggravated-robbery charge alleging only a completed offense. When that same principle is applied to Appellant's case, the capital-murder charge still subsumes the burglary count, despite the fact that one charge alleges a completed burglary and the other does not.

We now turn to a units analysis to determine whether the burglary allegations relied on an "identical criminal act."[9] We have often held that the unit of prosecution for

---

[8] *See Langs v. State*, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006) (stating that, when an offense requires alleging an underlying felony, "the State must prove all of the elements of the underlying felony"); *Whitaker v. State*, 977 S.W.2d 595, 598–99 (Tex. Crim. App. 1998) (examining the elements of both capital murder alleging burglary and the burglary statute to determine if the evidence was sufficient to sustain the conviction); *Bethard v. State*, 767 S.W.2d 423, 427 (Tex. Crim. App. 1989) (to sustain a conviction for capital murder alleging a predicate burglary, the jury had to believe beyond a reasonable doubt that the predicate felony was committed as defined in the burglary statute).

[9] *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998) (citing *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)) (stating that offenses are the same only if they rely on the same criminal act and not merely because they share the same name).

burglary is each unlawful entry,[10] and after examining the record, it is indisputable that the State sought to prosecute Appellant twice for a single unlawful entry.[11] We affirm the judgment of the court of appeals that Appellant's prosecution for burglary is jeopardy barred because he has shown that the burglary allegation is legally and factually the same as the capital-murder charge for which he was previously acquitted.

### 2. Aggravated assault

The State argues that Appellant's subsequent prosecution for aggravated assault is not barred by double jeopardy because, each offense requires proof of a fact the other does not, and the court of appeals erred by relying on the trial record to determine that the offenses are the same. The State also contends that the unit of prosecution for assault and capital murder is each victim, and because two different victims are alleged, the offenses are factually different.

First, we must answer whether aggravated assault in the abstract is legally the same as the capital-murder charge as pled in this case. To establish capital murder, the State had to show that Appellant intentionally caused the death of Nava by cutting and stabbing him with a deadly weapon while in the course of committing or attempting to commit burglary. *See* TEX. PENAL CODE § 19.03(a)(2). To prove aggravated assault, the State had to show that Appellant intentionally, knowingly, or recklessly caused serious

---

[10] *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

[11] The State does not argue that the burglary alleged in the capital-murder indictment was factually different from the burglary allegation in the second indictment.

bodily injury to a person or used or exhibited a deadly weapon while causing bodily injury to another. *See id.* § 22.01(a)(1), 22.02(a)(1). As a matter of state law, an offense is a lesser included of another if "it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission." *See* TEX. CODE CRIM. PROC. art 37.09(3). That is the case here. To establish the murder component of capital murder, the State must show that the defendant intentionally or knowingly caused the death of an individual. The State, however, need only prove that a defendant intentionally, knowingly, or recklessly committed aggravated assault. Thus, with respect to the necessary mens rea for capital murder and aggravated assault, the offenses differ only in that aggravated assault can be established with a less culpable mental state than capital murder. *Compare* TEX. PENAL CODE § 19.03(a) (citing TEX. PENAL CODE § 19.02(b)(1)), *with* TEX. PENAL CODE § 22.02(a) (citing TEX. PENAL CODE § 22.01(a)(1)). Furthermore, because death is a type of serious bodily injury and serious bodily injury is a type of bodily injury, it necessarily follows that death is a type of bodily injury.[12] Consequently, aggravated assault is within the proof necessary for the State to establish capital murder as charged in this case and both offenses are legally the same.[13]

---

[12]This logic is simply an application of the transitive property of equality that if a = b, and b = c, then a = c. *See Jackson v. State*, 992 S.W.2d 469, 475 (Tex. Crim. App. 1999) (death is a form of serious bodily injury); *see also* TEX. CODE CRIM. PROC. art. 37.09(2) (an offense is a lesser included of another if the only difference from the offense charged is that "a less serious injury or risk of injury to the same person . . . suffices to establish its commission").

[13]*See also Jackson*, 992 S.W.2d at 474–75 (aggravated assault was within the proof necessary to establish capital murder, but the appellant was not entitled to a lesser-included

Turning to a unit analysis, we first must answer what the allowable unit of prosecution is for capital murder as pled in this case. When the charge is capital murder under Section 19.03(a)(2) of the Texas Penal Code, as it is here, we have stated that a defendant may be charged once for each time he causes the death of another plus the applicable aggravated circumstance that elevate the offense from murder to capital murder.[14] *See Gardner v. State*, 306 S.W.3d 274, 302 (Tex. Crim. App. 2009). Thus, the relevant unit of prosecution under Section 19.03(a)(2) in this case is the requisite murder of a person plus proof of one of the required aggravating circumstances available under the statute. *See* TEX. PENAL CODE §§ 19.03(a)(2), 30.02(a)(2). Furthermore, we have held the unit of prosecution for assaultive offenses is each victim. *See Shelby v. State*, 448 S.W.3d 431, 439 (Tex. Crim. App. 2014). When the victims alleged in the capital-murder and aggravated-assault charges are compared, we conclude that they allege two different units of prosecution: Nava and Sanchez.

Furthermore, Appellant was not in jeopardy of being convicted for committing

___

instruction because there was no proof that if the appellant was guilty, he was guilty of only aggravated assault).

[14]We have noted that "[s]ome offenses, such as capital murder, may contain both result of conduct and nature of conduct elements," but we also stated that "the question becomes which aspect of the statute predominates, or possibly whether both aspects are equally important for determining the separateness of offenses." *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008); *see also Byrd v. State*, 336 S.W.3d 242, 250–51 (Tex. Crim. App. 2011) (stating that the gravamen of theft is "two-pronged" because ownership and appropriation of the property "are both important"). For purposes of our aggravated-assault double-jeopardy analysis, the predicate murder unit of prosecution aspect predominates.

aggravated assault against Sanchez during his capital-murder trial because the State did not have to prove that Appellant committed aggravated assault against Sanchez to establish capital murder. There was no set of facts that the jury could have believed that required it to return a guilty verdict based on a belief that Appellant committed aggravated assault against Sanchez. That is, if the jury convicted Appellant of capital murder, it must have also believed that Appellant committed aggravated assault against Nava.

### THE STATE'S GROUNDS FOR REVIEW

We now expressly turn to the State's grounds for review. In its first ground for review, the State asks whether "[t]he Court of Appeals erred by reviving *Grady v. Corbin* (overruled by the Supreme Court), and applying a cognate evidence analysis (rejected by this court) in reviewing a double jeopardy claim." As we have explained, there are two relevant inquiries in a double-jeopardy analysis. The legal-sameness inquiry depends on only the pleadings and statutory law—not the record—to ascertain whether two offenses are the same. The factual-sameness inquiry requires a reviewing court to examine the entire record to determine if the same offenses have been alleged. We disavow the reasoning of the court of appeals to the extent that it appears to have granted Appellant relief from his prosecution for burglary on only factual-sameness grounds. *Castillo*, 432 S.W.3d at 466–67. Nonetheless, having found that capital murder as pled and burglary are the same offenses, we overrule the State's first ground for review.

In its second and third grounds for review the State urges that "[t]he Court of Appeals erred by finding that an aggravated assault on a victim not named in a capital-murder indictment was a lesser included offense of the capital murder," and "[t]he Court of Appeals misapplied the law by finding that an offense was subsumed within the greater if the State 'could have' used that offense to prove the greater, rather than that it was required to do so." On the facts of this case and for the reasons explained, we sustain the State's second and third ground for review.

## Conclusion

Because we agree with the court of appeals that Appellant's prosecution for burglary is jeopardy barred, but we conclude that his prosecution for aggravated assault conviction is not, we affirm the judgment of the court of appeals in part and reverse it in part.

Hervey, J.

Delivered: June 3, 2015

Publish