In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00194-CR
_____

DRADEN HEATH COPELAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 145th District Court
Nacogdoches County, Texas
Trial Cause No. F1823666

**MEMORANDUM OPINION**

A grand jury indicted Appellant, Draden Heath Copeland, on four counts of theft and one count of evading arrest or detention. All five counts included an enhancement paragraph alleging prior felony convictions. Copeland pleaded guilty to all five offenses and "true" to the allegations of prior convictions. At the sentencing hearing, the trial court found all the enhancement allegations true and assessed punishment at twenty years of confinement on the four counts of theft and

forty years of confinement on the count of evading arrest or detention, with the sentences to run concurrently. Copeland timely filed an appeal. We affirm.

## Double Jeopardy

Copeland's first issue on appeal argues that his convictions on four counts of theft constitute multiple punishments for the same offense and violate the double jeopardy clause of the United States Constitution and the Texas Constitution. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. According to Copeland, all four thefts were from the same victim and constitute only one offense of theft. Copeland also argues that the indictment did not aggregate the amounts involved and the appropriate grade of the offense cannot be determined, requiring reversal of the judgments. *See* Tex. Penal Code Ann. § 31.09 (permitting aggregation of amounts involved in thefts to determine the grade of the offense).

Copeland did not assert a claim of double jeopardy in the trial court. In *Gonzalez v. State*, the Texas Court of Criminal Appeals held that double jeopardy claims could be forfeited by procedural default—simply by failing to make an objection at trial. 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). However, there is an exception which allows a double jeopardy claim to be raised for the first time on appeal when two conditions are met: (1) the undisputed facts show a double jeopardy violation is apparent on the face of the record; and (2) enforcement of the usual rules

2

of procedural default serves no legitimate state interest. *Id.*[1] Here, we cannot say that a double jeopardy claim is apparent from the face of the record. Therefore, the exception does not apply, and Copeland forfeited by procedural default his double jeopardy claim.

That said, even if Copeland had preserved his double jeopardy claim, "[f]or offenses to be the 'same' for double-jeopardy purposes, they must be the same both in 'law' and in 'fact.'" *Aekins v. State*, 447 S.W.3d 270, 283 (Tex. Crim. App. 2014) (Keller, P.J., concurring) (citing *Ex parte Hawkins*, 6 S.W.3d 554, 557 n.8) (Tex. Crim. App. 1999)). Under the *Blockburger* same-elements test, we look to see whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). When the offenses in question are proscribed by a single statute or are otherwise the same under an "elements" analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution. *Ex parte Benson*, 459 S.W.3d 67,

---

[1] The Texas Court of Criminal Appeals has also indicated that a double jeopardy claim may also be cognizable on post-conviction habeas review so long as the same two conditions are met. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

73 (Tex. Crim. App. 2015). "A 'units' analysis consists of two parts: (1) what the allowable unit of prosecution is, and (2) how many units have been shown." *Id.* (footnote omitted). "The allowable unit of prosecution of an offense turns on statutory construction and usually requires ascertaining the gravamen, or gravamina, of the offense." *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015). Even when the offenses in question are defined by the same penal section, the protection against double jeopardy is not violated if the offenses are distinguished from one another by discrete acts that are separate violations of the same penal section and constitute separate units of prosecution. *Benson*, 459 S.W.3d at 73.

"Theft has two gravamina: the property and ownership." *Johnson v. State*, 364 S.W.3d 292, 297 (Tex. Crim. App. 2012); *Byrd v. State*, 336 S.W.3d 242, 250-51 (Tex. Crim. App. 2011) ("[T]he gravamen of theft is two-pronged—taking certain specified property away from its rightful owner or depriving that owner of its use or enjoyment."); *West v. State*, 536 S.W.3d 922, 927-28 (Tex. App.—Amarillo 2017, pet. ref'd) ("The gravamen of theft is the ownership and deprivation of 'specific property.'"). Therefore, there is no violation of double jeopardy when the State prosecutes a person for numerous acts of theft or theft of numerous items, even if the items share a common owner. *See Johnson*, 364 S.W.3d at 297 n.33 ("Of course multiple thefts could be committed against the same person, e.g., different property

4

stolen on different days."); *Byrd*, 336 S.W.3d at 251 n.43; *Bailey v. State*, 87 S.W.3d 122, 128 (Tex. Crim. App. 2002) (quoting *Iglehart v. State*, 837 S.W.2d 122, 129 n.7 (Tex. Crim. App. 1992) ("Our opinion [] permits the State to successively prosecute a defendant for the discrete number of items stolen, asserting the requisite ownership in those items as permitted by law.")); *State v. Dill*, 346 S.W.3d 706, 708 (Tex. App.—Texarkana 2011, no pet.) (concluding that later prosecution for theft of makeup was not barred by double jeopardy by a previous conviction for theft of food and personal hygiene products where the thefts were alleged to have occurred at the same time and place from the same owner); *Rubio v. State*, No. 08-00-00341-CR, 2002 WL 125732, at *6 (Tex. App.—El Paso Jan. 31, 2002, no pet.) (mem. op., not designated for publication) (no double jeopardy violation where defendant violated the same theft statute on two distinct occasions, although both thefts were from the same person); *Swanson v. State*, No. 14-99-00353-CR, 1999 WL 976232, at *2 (Tex. App.—Houston [14th Dist.] Oct. 28, 1999, pet. ref'd) (not designated for publication) ("[T]he theft of different property on different dates constitutes two separate offenses notwithstanding that the property was stolen from one owner.").

In this case, Copeland's indictment alleges the following occurrences of theft of property from Tractor Supply Company:

> Count 1: theft of a winch on March 15, 2018;
> Count 2: theft of a generator on June 24, 2018;

5

Count 3: theft of a generator on July 2, 2018; and
Count 4: theft of a winch on July 3, 2018.

Copeland pleaded guilty to all four counts. The thefts for which he was convicted were for different items of property and the property was taken on different dates. We find no double jeopardy violation even though all items of property were taken from the same owner, Tractor Supply Company. *See Benson*, 459 S.W.3d at 73; *Johnson*, 364 S.W.3d at 297 n.33; *Dill*, 346 S.W.3d at 708. We conclude that Copeland was not subjected to multiple punishments for a single offense and there was no violation of the double jeopardy clause. We also reject Copeland's argument that the State should have considered the four thefts to be one offense and that it should have aggregated the amounts involved in the thefts. We conclude that there was no error in the indictment or in the judgments for failing to consider the four thefts as one offense or in failing to aggregate the amounts involved to determine the grade of the offense, because the Texas Penal Code says the conduct "may be" considered as one offense and aggregated, but it does not require the State to consider it as one offense or require it to aggregate such offenses. *See* Tex. Penal Code Ann. § 31.09 (". . . the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.").

We overrule Copeland's first issue.

Evading Arrest or Detention

Copeland's second issue argues that evading arrest in a vehicle should have been classified as a state jail felony and that by sentencing him to a third-degree felony, the trial court imposed a sentence in Count 5 that was not authorized by law. Copeland argues that the 2011 Regular Session of the Texas Legislature passed three bills that amended section 38.04[2] and that the resulting statute as codified has "two differ[ent] punishment schemes[.]" *See* Tex. Penal Code Ann. § 38.04. He requests that we resolve the ambiguity by applying the "rule of lenity" to result in a lesser punishment. *See Bell v. United States*, 349 U.S. 81, 83 (1955) (statutory "ambiguity should be resolved in favor of lenity[]"); *Cuellar v. State*, 70 S.W.3d 815, 821 (Tex. Crim. App. 2002) (Cochran, J., concurring) ("[T]he Rule of Lenity requires this Court to adopt the less harsh interpretation of penal statutes.").

We previously addressed section 38.04 in *State v. Sneed*, No. 09-14-00232-CR, 2014 WL 4755502, at **3-4 (Tex. App.—Beaumont Sept. 24, 2014, pet. ref'd) (mem. op., not designated for publication). Therein, we noted that two versions of

_____

[2] *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321; Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111; Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (current version at Tex. Penal Code Ann. § 38.04).

section 38.04(b) were enacted in 2011. *Id.* at *3. Under the first version, evading arrest or detention is:

> (1) a state jail felony if:
> > (A) the actor has been previously convicted under this section; or
> > (B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;
> (2) a felony of the third degree if:
> > (A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or
> > (B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight . . . .

Tex. Penal Code Ann. § 38.04(b). Under the second version, evading arrest or detention is:

> (2) a felony of the third degree if:
> > (A) the actor uses a vehicle while the actor is in flight;
> > (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
> > (C) the actor uses a tire deflation device against the officer while the actor is in flight[.]

*See id.*

In *Sneed*, we explained that the Fort Worth Court of Appeals had addressed these differences and concluded that even if the amendments were irreconcilable, Senate Bill 1416—codified in the second version above—was the latest of the bills

8

to be enacted and would prevail over earlier bills. *See Sneed*, 2014 WL 4755502, at *3 (citing *Adetomiwa v. State*, 421 S.W.3d 922, 926-27 (Tex. App.—Fort Worth 2014, no pet.)). We follow our previous ruling and once again agree with the Fort Worth Court and conclude that "[t]he offense of evading arrest or detention with a motor vehicle is a third-degree felony if the actor uses a motor vehicle while in flight, regardless of whether the actor has a previous conviction for evading arrest or detention." *See id.* at *4; *see also Fulton v. State*, 587 S.W.3d 76, 78 (Tex. App.—San Antonio 2019, no pet.) (adopting *Adetomiwa*); *Warfield v. State*, No. 03-15-00468-CR, 2017 WL 2628563 at *12 (Tex. App.—Austin June 14, 2017, pet. ref'd) (mem. op., not designated for publication) (adopting *Adetomiwa* and cataloging Texas courts of appeals that have reached the same conclusion). We need not reach the question of whether the rule of lenity applies. *See Ochoa v. State*, 355 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

In Count 5, Copeland was indicted for evading arrest or detention while using a vehicle, Copeland pleaded guilty, and his plea papers reflect that he was advised that the criminal offense to which he pleaded was a third-degree felony. We conclude that Copeland's sentence for evading arrest or detention as a third-degree felony was proper, and we overrule Copeland's second issue. *See Sneed*, 2014 WL 4755502, at *4; *Adetomiwa*, 421 S.W.3d at 926-27.

9

Having overruled both Copeland's issues, we affirm the judgments of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 12, 2020
Opinion Delivered March 18, 2020
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.