**Opinion issued November 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-20-00837-CR

—————————————

## EX PARTE JAMIKAL RUSH

On Appeal from the 185th District Court
Harris County, Texas
Trial Court Case No. 1675957

## MEMORANDUM OPINION

Jamikal Rush appeals the denial of his pretrial application for a writ of habeas corpus. Rush was indicted in Harris County for the offense of aggravated robbery with a deadly weapon.[1] Previously, in Washington County, Rush pleaded guilty to

---

1       *See* TEX. PENAL CODE § 29.03(a)(2).

unauthorized use of a motor vehicle arising out of the same incident.[2] The Washington County district court accepted Rush's guilty plea and assessed a punishment. In a single issue on appeal, Rush contends the Harris County aggravated-robbery prosecution violates the prohibition against double jeopardy.

We affirm the denial of habeas relief.

## Background

The Harris County criminal complaint alleges that, on July 19, 2019, Rush robbed complainant Devron Martin ("Devron"), a pizza delivery driver, at gunpoint, taking Devron's wallet, $100 in cash, and the car Devron was driving. The criminal complaint further alleges that Rush was arrested in Washington County the next day, while still in possession of the stolen car.

A Washington County grand jury indicted Rush for unauthorized use of a motor vehicle, alleging that, "on or about the 24th day of July, A.D. 2019 . . . [Rush] intentionally or knowingly operate[d] a motor-propelled vehicle, to wit: an automobile, without the effective consent of Jamika Dean Martin [("Jamika")], the owner thereof."[3] Jamika—the Washington County complainant—is married to

---

[2]    *See id.* § 31.07.

[3]    We note the Washington County indictment alleged that Rush committed the offense of unauthorized use of a vehicle "on or about" July 24, while the Harris County criminal complaint alleged that Rush was arrested in Washington County for that offense on July 20. There is no dispute that the car taken from Devron in Harris County on July 19 was the subject of the Washington County indictment.

Devron and was the registered owner of the stolen car. Rush pleaded guilty to the charge, and a Washington County judge sentenced Rush to two years' confinement. The sentence was probated for four years.

Later, a Harris County grand jury indicted Rush for the offense of aggravated robbery with a deadly weapon in connection with Rush threatening Devron with a firearm to steal his property. The Harris County indictment alleged that:

> [O]n or about July 19, . . . [Rush] unlawfully, while in the course of committing theft of property owned by . . . Martin Devron,[4] and with intent to obtain and maintain control of the property, intentionally and knowingly threaten[ed] and place[d] Martin Devron in fear of imminent bodily injury and death, and . . . use[d] and exhibit[ed] a deadly weapon, namely, a firearm.

Rush applied for a pretrial writ of habeas corpus, asserting that the Harris County prosecution is jeopardy-barred by his prior conviction for unauthorized use of a motor vehicle because that offense is a lesser-included offense of aggravated robbery.[5] After two hearings, the habeas court signed a written order denying Rush's habeas application.

---

4   Although the criminal complaint refers to the Harris County complainant as "Devron Martin," the indictment refers to him as "Martin Devron." In this opinion, as indicated, we refer to the Harris County complainant as "Devron."

5   The writ also alleged that the State was collaterally estopped from re-litigating the deadly weapon allegation in the aggravated-robbery indictment because the unauthorized-use-of-a-motor-vehicle conviction did not include a deadly weapon finding. Rush does not advance this claim on appeal.

3

**Double Jeopardy**

In his sole issue, Rush contends the aggravated-robbery indictment should be dismissed as a violation of the Double Jeopardy Clause. *See* U.S. CONST. amend. V. Rush argues that unauthorized use of a motor vehicle—the offense for which he previously pleaded guilty and was assessed a punishment—is a lesser-included offense of aggravated robbery, and thus the aggravated-robbery prosecution is an impermissible, successive prosecution for the same offense.

**A.    Standard of Review**

Generally, the habeas court's decision to grant or deny habeas corpus relief is reviewed for an abuse of discretion. *Ex parte Leachman*, 554 S.W.3d 730, 737 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). In this case, however, we review the habeas court's ruling de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (de novo review appropriate where application of law to facts does not turn on credibility or demeanor of witnesses). Rush's double jeopardy claim did not require the habeas court to evaluate the credibility or demeanor of witnesses. The habeas court's decision was based on the Washington County indictment and judgment of conviction, the Harris County indictment and criminal complaint, Devron and Jamika's marriage license, records related to title and ownership of the stolen car, and the argument of counsel. There were no disputed facts relevant to Rush's pretrial application for habeas relief.

4

When the facts are undisputed and the trial court's ruling does not turn on the credibility of witnesses, a de novo review by the appellate court is appropriate. *Martin*, 6 S.W.3d at 526; *see also Guzman v. State*, 955 S.W.2d 85, 87, 90 (Tex. Crim. App. 1997) (abuse-of-discretion review of trial court decisions not necessarily appropriate in context of application of law to facts when decision does not turn on credibility or demeanor of witnesses and, thus, trial judge is not in appreciably better position than reviewing court to make determination); *Wilson v. State*, 248 S.W.3d 256, 257 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd) (reviewing trial court's ruling on pretrial habeas application de novo because underlying facts were undisputed).

**B.**     **Law regarding double jeopardy and "same offenses"**

The Double Jeopardy Clause of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V; *see also* U.S. CONST. amend. XIV; *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). This prohibition protects against a second prosecution for the same offense after an acquittal or conviction and forbids multiple punishments for the same offense in a single prosecution.[6] *See Brown v. Ohio*, 432

---

[6]     As already stated, Rush seeks relief under the Double Jeopardy Clause's guarantee of protection against successive prosecutions. In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim.

5

U.S. 161, 165 (1977); *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016). "While different policy considerations are at issue in the two contexts [successive prosecutions versus multiple punishments], a threshold question in either case is whether the defendant is being punished or prosecuted for the 'same offense.'" *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997) (footnote omitted). When considering whether the offenses at issue are "the same" for jeopardy purposes, there are two relevant inquiries: (1) legal sameness and (2) factual sameness. *Ex parte Castillo*, 469 S.W.3d 165, 172 (Tex. Crim. App. 2015); *see Aekins v. State*, 447 S.W.3d 270, 283 (Tex. Crim. App. 2014) (Keller, P.J., concurring) ("For offenses to be the 'same' for double-jeopardy purposes, they must be the same both in 'law' and in 'fact.'").

"The legal-sameness inquiry depends on only the pleadings and statutory law—not the record—to ascertain whether two offenses are the same." *Castillo*, 469 S.W.3d at 172. "When two distinct statutory provisions are at issue, we ordinarily determine legal sameness by applying the same-elements test [from *Blockburger v. United States*] to determine whether each provision requires proof of a fact which

---

App. 1992). In the context of the guilty plea here, however, Texas courts recognize that jeopardy attaches when the plea agreement is accepted. *Ortiz v. State*, 933 S.W.2d 102, 106–07 (Tex. Crim. App. 1996). At that point, the defendant "has a vested interest in the finality of the proceeding" and has been "put to trial before the trier of fact." *Id.* at 106.

the other does not." *Id.* at 168 (internal quotation omitted); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). The accused "ordinarily may not be punished or tried twice for a greater-inclusive and a lesser-included offense without violating double jeopardy." *Ex parte Chaddock*, 369 S.W.3d 880, 883 (Tex. Crim. App. 2012); *see also Lewis v. State*, No. 01-14-00557-CR, 2016 WL 316366, at *4 (Tex. App.—Houston [1st Dist.] Jan. 26, 2016, pet. ref'd) (mem. op., not designated for publication) ("[F]or double-jeopardy purposes, a lesser-included offense is legally the same as a greater offense, and is wholly subsumed by the elements of the greater offense, unless the potential lesser-included offense requires proof of a fact not required to establish the greater offense.").

In Texas, the application of the *Blockburger* same-elements test is governed by the cognate-pleadings approach, which was adopted by the Court of Criminal Appeals in *Hall v. State* and entails comparing the elements of the greater offense, as pleaded in the charging instrument, to the statutory elements of the potential lesser-included offense. *See Amador*, 326 S.W.3d at 206 n.5 (citing *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007)); *see also Loving v. State*, 401 S.W.3d 642, 645 (Tex. Crim. App. 2013) (courts employ *Blockburger*

7

same-elements test under cognate-pleadings approach "when the charged conduct involves multiple offenses in different statutory provisions that are the result of a single course of conduct"). This analysis presents a legal question that does not depend on the evidence offered at trial. *See Hall*, 225 S.W.3d at 535.

If the offenses are legally the same, the next step is to determine whether the offenses are factually the same. *See Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015); *Castillo*, 469 S.W.3d at 169. We determine factual sameness by determining the "allowable unit of prosecution," which is "a distinguishable discrete act that is a separate violation of the statute," and reviewing the trial record to establish how many units have been shown. *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999); *see also Castillo*, 469 S.W.3d at 169. The allowable unit of prosecution of an offense turns on statutory construction and usually requires ascertaining the gravamen, or the gravamina, of the offense. *See Castillo*, 469 S.W.3d at 169. If, after reviewing the record, the court concludes the offenses are based on the same unit of prosecution, the offenses are factually the same for the purpose of the double jeopardy prohibition against successive prosecutions. *See id*.

**C.  Analysis**

With the above principles in mind, we consider whether the two offenses at issue here—unauthorized use of a motor vehicle and aggravated robbery with a deadly weapon—are the "same offense" for double-jeopardy purposes. Rush argues

8

they are legally the same offense because unauthorized use of a motor vehicle is a lesser-included offense of aggravated robbery. The relevant portion of Section 29.03 of the Penal Code, the aggravated-robbery statute under which Rush was indicted, provides that a person commits the offense of aggravated robbery "if he commits robbery as defined in Section 29.02,[7] and he . . . uses or exhibits a deadly weapon." TEX. PENAL CODE § 29.03(a)(2). The Harris County indictment under this section alleged that:

> [Rush,] while in the course of committing theft of property owned by . . . Devron, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten[ed] and place[d] . . . Devron in fear of imminent bodily injury and death, and . . . use[d] and exhibit[ed] a deadly weapon, namely, a firearm.

As modified by the particular allegations in the indictment, the statutory elements of aggravated robbery with a deadly weapon are that:

- the defendant;

- while in the course of committing theft of property owned by the complainant;

- with intent to obtain and maintain control of the property;

---

[7] Section 29.02 of the Penal Code defines the offense of robbery with reference to the offense of theft. *See* TEX. PENAL CODE § 29.02. Relevant here, it provides that a person commits the offense of robbery "if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id.* § 29.02(a). Theft, in turn, occurs when a person "unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a).

- intentionally and knowingly threatened the complainant and placed him in fear of imminent bodily injury and death;

- while using and exhibiting a deadly weapon.

*See id.*

Under the cognate-pleadings approach, these elements are compared to the statutory elements of the alleged lesser offense of unauthorized use of a motor vehicle to determine whether there are any elements of that offense which could not be included in the aggravated-robbery offense. *See Hall*, 225 S.W.3d at 535–36. Section 31.07 of the Penal Code defines unauthorized use of a vehicle as follows: "A person commits [the] offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE § 31.07(a). Thus, the statutory elements of unauthorized use of a vehicle for the purpose of the lesser-included-offense analysis are that:

- the defendant;

- intentionally or knowingly;

- operated another's boat, airplane, or motor-propelled vehicle;

- without the effective consent of the owner.

*Id.*

Comparing the as-pleaded elements of aggravated robbery, the alleged greater offense, to the statutory elements of unauthorized use of a vehicle, the alleged lesser offense, the operation-of-a-vehicle element in the list of statutory elements for

10

unauthorized use of a motor vehicle appears singular. Rush argues that this element, although it does not appear in the list of aggravated-robbery elements, does not preclude a finding of legal sameness because "[t]he operation of a vehicle is included within the term appropriation as used in the theft statute." More specifically, Rush asserts that "operating" a vehicle is a form of "exercising control over [that] property," which, in turn, satisfies the definition of "appropriation" for theft. *See id.* §§ 31.01(4)(B) (defining "appropriate" to include "to acquire or otherwise exercise control over property other than real property"), 31.03(a) (defining "theft" as an "unlawful[ ] appropriat[ion] [of] property with intent to deprive the owner of property"). And so, he reasons that because operation of a vehicle is included within the definition of appropriation, as required for theft, the allegation that the aggravated robbery in Harris County was committed "while in the course of committing theft of property with the intent to deprive the owner of property" is "functionally the same as" the element of operating a vehicle required to prove unauthorized use of that vehicle. In other words, according to Rush, the elements of unauthorized use of a motor vehicle can be deduced from the allegations in the aggravated-robbery indictment, meaning the statutory elements of unauthorized use of a motor vehicle are established by proof of the same or less than all the facts required to establish aggravated robbery, as modified by the indictment.

11

Rush cites a handful of cases from the Court of Criminal Appeals, this Court, and our sister court in Houston recognizing that unauthorized use of a motor vehicle can be a lesser-included offense of aggravated robbery. *See, e.g.*, *Griffin v. State*, 614 S.W.2d 155, 158 n.4 (Tex. Crim. App. 1981); *Roy v. State*, 76 S.W.3d 87, 93 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Pierson v. State*, 689 S.W.2d 481, 482 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd); *Teague v. State*, 789 S.W.2d 380, 382 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). The State responds that these cases have been overruled *sub silencio* because they predate the Court of Criminal Appeals' adoption of the cognate-pleadings approach in *Hall,* and as a result, are no longer valid statements of the law. According to the State, a proper application of the cognate-pleadings approach leads to a different conclusion—namely, that unauthorized use of a motor vehicle is not a lesser-included offense of the aggravated robbery alleged in the Harris County indictment because it requires proof of a more specific type of appropriation.

We need not resolve the parties' disagreement as to the status of these authorities. Even if we were to conclude the offenses are *legally* the same under an elements analysis, we cannot conclude the offenses are *factually* the same. *See Castillo*, 469 S.W.3d at 169 ("To prevail, the [double-jeopardy] claimant must prove legal sameness *and* factual sameness." (emphasis added)); *Benson*, 459 S.W.3d at 73 ("Even when the offenses in question are . . . otherwise the same under an

12

'elements' analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution."). The record does not demonstrate that the Harris County aggravated-robbery charge is based on the same units of prosecution as the Washington County conviction for unauthorized use of a motor vehicle.

As stated, "[a] 'units' analysis consists of two parts: (1) what the allowable unit of prosecution is, and (2) how many units have been shown." *Benson*, 459 S.W.3d at 73. "The allowable unit of prosecution of an offense turns on statutory construction and usually requires ascertaining the gravamen, or gravamina, of the offense." *Castillo*, 469 S.W.3d at 169; *see also Byrd v. State*, 336 S.W.3d 242, 251 n.43 (Tex. Crim. App. 2011) ("The gravamen of the offense normally dictates the number of allowable units of prosecution.").

We note that although both aggravated robbery and unauthorized use of a motor vehicle appear in Title 7 of the Penal Code—for "[o]ffenses [a]gainst [p]roperty"—they are contained in different chapters. *See* TEX. PENAL CODE §§ 29.03, 31.07. As even Rush acknowledges, these offenses have different focuses. The offense of aggravated robbery at issue here—an aggravated robbery by threat as set out in Chapter 29—has been recognized as a conduct-oriented offense focused on "threatening conduct, which violated the personal security of the victim." *Benson*, 459 S.W.3d at 81; *see* TEX. PENAL CODE §§ 29.02, 29.03. The gravamen of

aggravated robbery is the assaultive conduct against the victim, and the relevant unit of prosecution for assaultive offenses is each victim. *See Castillo*, 469 S.W.3d at 172; *see also Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013) ("[T]he gravamen of robbery offenses, including aggravated robbery, is the defendant's assaultive conduct against each victim.").

In contrast, the offense of unauthorized use of a motor vehicle is a special statutory theft provision in the Chapter 31 of the Penal Code. *See* TEX. PENAL CODE § 31.07. Theft generally has "two gravamina: the property and ownership." *Johnson v. State*, 364 S.W.3d 292, 297 (Tex. Crim. App. 2012); *Byrd*, 336 S.W.3d at 250–51 ("[T]he gravamen of theft is two-pronged—taking certain specified property away from its rightful owner or depriving that owner of its use or enjoyment. Ownership and appropriation of property are both important."); *West v. State*, 536 S.W.3d 922, 927–28 (Tex. App.—Amarillo 2017, pet. ref'd) ("The gravamen of theft is the ownership and deprivation of *specific* property." (internal quotation omitted)). "These elements alone do not always define the allowable unit of prosecution for theft (property can be jointly owned), but the allowable unit of prosecution can at least be derived from the combination of these elements: different property taken from different persons are different thefts." *Johnson*, 364 S.W.3d at 297; *see also Iglehart v. State*, 837 S.W.2d 122, 129 n.7 (Tex. Crim. App. 1992) (noting State may successively prosecute person for discrete number of items stolen from their owners

14

during single transaction). For unauthorized use of a motor vehicle, the focus of the offense is the operation of a vehicle without the owner's consent. *See McQueen v. State*, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989) ("[W]hat separates lawful operation of another's motor vehicle from unauthorized use is the actor's knowledge of a 'crucial circumstance surrounding the conduct'—that such operation is done without the effective consent of the owner."); *see also* TEX. PENAL CODE § 31.07.

Comparing the aggravated-robbery and unauthorized-use-of-a-motor-vehicle offenses at issue, we conclude they allow different units of prosecution based not only on different gravamina but also separate complainants—namely, (1) a property offense against Jamika (the Washington County complainant) and (2) an assaultive offense against Devron (the Harris County complainant).[8] *See Hawkins*, 6 S.W.3d at 560–61 (observing that theft is property crime whereas robbery is form of assault, and explaining that if defendant assaults two people while stealing one item of

---

[8]    We note that even if Devron was the only owner of the stolen car, the allegations in the Harris County indictment regarding theft of property owned by Devron are not limited to the car. As stated in the criminal complaint, Devron's wallet and $100 cash were also taken, meaning different thefts are involved for double-jeopardy purposes. *See Iglehart v. State*, 837 S.W.2d 122, 129 n.7 (Tex. Crim. App. 1992) ("Our opinion [ ] permits the State to successively prosecute a defendant for the discrete number of items stolen, asserting the requisite ownership in those items as permitted by law."); *State v. Dill*, 346 S.W.3d 706, 708 (Tex. App.—Texarkana 2011, no pet.) (concluding that later prosecution for theft of makeup was not barred by double jeopardy by previous conviction for theft of food and personal hygiene products even though thefts were alleged to have occurred at same time and place from same owner).

15

property, he can be prosecuted only once for theft, but can be prosecuted twice for robbery).

Although Rush acknowledges that different complainants can create separate "units of prosecution" for the same criminal transaction, preventing an attachment of jeopardy, he urges that the offenses still are factually the same because the evidence of Devron and Jamika's marriage requires that the stolen car be considered jointly owned. According to Rush, this means the offenses involve nothing more than "the theft of a single vehicle that was later operated by the same criminal defendant who happened to be caught with the vehicle a few days later in a different county." We disagree.

Not only does Rush's argument fail to consider the different gravamina of the assaultive and property-based offenses against Devron and Jamika, respectively, but it also ignores the allegation in the criminal complaint that additional property was taken from Devron during the aggravated robbery in Harris County. Specifically, the criminal complaint alleged that, in addition to the car, Rush took from Devron a wallet and $100 in cash. The offenses thus involve different property taken from different persons, permitting successive prosecutions.[9] *Johnson*, 364 S.W.3d at 297; *Iglehart*, 837 S.W.2d at 129 n.7.

---

[9]   Although not deciding a claim of double-jeopardy, we find instructive the Court of Criminal Appeals' illustration of allowable units of prosecution in *Byrd v. State*, 336 S.W.3d 242, 251 n.43 (Tex. 2011). There, after recognizing that allowable units of

16

In sum, because the aggravated robbery and unauthorized use of a motor vehicle offenses are not factually the same, they are not the same offense for double-jeopardy purposes. *See Castillo*, 469 S.W.3d at 169. And because the offenses are not the same for double-jeopardy purposes, the habeas court did not err in denying Rush's application for habeas relief. *See id.*

We overrule Rush's sole issue.

---

prosecution generally are determined by the gravamen of the offense, the Court explained:

> [W]ith robbery, the gravamen of the offense is the victim; if two people are robbed of one item, there are two robberies. But that is not true with theft. If one item of property is jointly owned by two people, the defendant does not commit two separate thefts when he appropriates that one item. Thus, if the defendant steals a Jeep that is jointly owned by Mom and Dad, he has committed one theft, even though either Mom or Dad could be named as the owner. Conversely, if Mom and Dad each own a Jeep, and the defendant steals both of them, he may be convicted of two thefts.

*Id.* (internal citation omitted); *see also Iglehart*, 837 S.W.2d at 129 n.7.

17

## Conclusion

We affirm the habeas court's order denying Rush's pretrial writ of habeas corpus.

Amparo Guerra
Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

18